[No. 37239. Department One. June 18, 1964.]

THE STATE OF WASHINGTON, *Appellant*, v. ROY H. BERGH
*et al., Respondents.*[*]

*The Attorney General, Herbert Gelman* and *Charles I.
McClure, Assistants*, for appellant.

[*]Reported in 393 P. (2d) 293.

DONWORTH, J.—The State of Washington has appealed from an order of the Superior Court of Thurston County entered May 23, 1963, dismissing the state's condemnation action commenced in January, 1960. The state sought to acquire a certain lot owned by respondents for the purpose of constructing an office building in Olympia. The trial court's judgment of dismissal reads in substantial part as follows:

" . . . The court finds:

"That the plaintiff State of Washington in its sovereign capacity has taken possession of the property which is the subject of this action for a governmental purpose, namely for the construction and erection of a state capitol building; and

"That the plaintiff State of Washington is in full, absolute and complete possession of the said real property; and

"That the plaintiff has at all times been ready to go to trial in the above entitled action; and

"That defendants are unwilling to accept the funds now deposited in the registry of the Court; and

"That defendants desire that the above entitled and numbered action be dismissed; and

"That no question remains except the fixing of compensation for defendants; Now, THEREFORE:

"It is hereby ORDERED: That the above entitled action be dismissed and that the funds deposited in the registry of the Court be returned to plaintiff;

"IT IS FURTHER ORDERED: That plaintiff have absolutely and completely all rights of possession in the real property which is the subject of this action and that defendants are absolutely and completely restrained from any interference with plaintiff in said absolute possession."

Before passing to the question of the validity of the above order, it should be noted that it is inconsistent on its face. First, the state is given exclusive possession of the property but not title thereto, which was the principal object of instituting the condemnation action. Second, the money deposited in the registry of the court is ordered to be returned to the state, which violates Art. 1, § 16, of the state constitution, and RCW chapter 8.04, which provide that just compensation must be paid to the property owner before the state has a right to the possession of the subject

property, unless an order for immediate possession and use has been entered and money paid into the registry of the court, as was done in this case, pursuant to the stipulation of the parties referred to below. The effect of the order is to leave the title to the property in respondents but to give the state the exclusive possession thereof without the payment of any compensation, which would amount to a gift to the state. This result cannot be reasonably reached under the record in the case, in which respondents have contested the state's action since its inception.

The pertinent steps taken by the parties in the condemnation proceeding prior to the entry of the order of dismissal, stated in chronological order, include the following:

1. January 28, 1960, the state petitioned for appropriation of respondents' property in accordance with RCW 8.04.010, and simultaneously filed a notice of the filing of the petition in accordance with RCW 8.04.020, which was served upon respondents February 4, 1960.

2. February 15, 1960, an order adjudicating public use was entered pursuant to RCW 8.04.070. No review of this order by this court was sought by respondents.

3. May 31, 1960, a stipulation, dated May 27, 1960, and signed by one of the counsel for each of the parties, was filed. This stipulation, designated as "Stipulation for Order of Possession and Use" contained the following recitals:

"WHEREAS, an order was entered in the above-named action on February 15, 1960, adjudicating that the property described in Exhibit 'A', filed with the petition herein, was necessary for public use, and no review has been taken from said order, and

"WHEREAS, the immediate possession and use of said property is required by petitioner for the purpose of construction, operation and maintenance of a state office building or buildings, and

"WHEREAS, the respondents are agreeable to petitioners assuming the possession and use of said property on or before July 1, 1960, and

"WHEREAS, the petitioner did offer the respondents the sum of Sixteen Thousand Five Hundred and no/100 Dollars ($16,500.00) as its full and final offer for all property and

property rights to be acquired from respondents, and

"WHEREAS, the parties are desirous of adjudicating the exact amount of compensation to be paid respondents by the petitioner by trial, and

"WHEREAS, the parties are agreeable to the entry of an order for the use and possession of said property by the petitioner in accord with the provisions of RCW 8.04.090 et seq.,

" . . .

"IT IS FURTHER STIPULATED AND AGREED that the petitioner shall be entitled to the possession and use of the property being condemned on or before July 1, 1960, and that respondents herein will be required to remove all moveable property from the premises, and that the petitioner shall secure the entry of an order by the above-named court in accord with this stipulation and the provisions of RCW 8.04.090 et seq., *and that the exact amount of compensation to be paid respondents by petitioner shall be determined by trial upon a date to be fixed by the court.*" (Italics ours.)

4. May 31, 1960, pursuant to this stipulation, the state paid $16,500 into the registry of the court as a continuing offer for respondents' property. (This sum has never been withdrawn by either party.) Also, an order for immediate possession and use by the state was entered under the provisions of RCW 8.04.090, which provides, as follows:

"In case the state shall require immediate possession and use of the property sought to be condemned, and an order of necessity shall have been granted, and no review has been taken therefrom, the attorney general may stipulate with respondents in accordance with the provisions of this section and RCW 8.04.092 and 8.04.093 [8.04.094] for an order of immediate possession and use, and file with the clerk of the court wherein the action is pending, a certificate of the state's requirement of immediate possession and use of the land, which shall state the amount of money offered to the respondents and shall further state that such offer constitutes a continuing tender of such amount. The attorney general shall file a copy of the certificate with the state auditor, who forthwith shall issue and deliver to him a warrant payable to the order of the clerk of the court wherein the action is pending in a sum sufficient to pay the amount offered, which shall forthwith be paid into the registry of the court. The court without further notice to

respondent shall enter an order granting to the state the immediate possession and use of the property described in the order of necessity, which order shall bind the petitioner to pay the full amount of any final judgment of compensation and damages which may thereafter be awarded for the taking and appropriation of the lands, real estate, premises, or other property described in the petition and for the injury, if any, to the remainder of the lands, real estate, premises, or other property from which they are to be taken by reason of such taking and appropriation, after offsetting against any and all such compensation and damages the special benefits, if any, accruing to such remainder by reason of the appropriation and use by the state of the lands, real estate, premises, or other property described in the petition. The moneys paid into court may at any time after entry of the order of immediate possession, be withdrawn by respondents, by order of the court, as their interests shall appear."

The order entered by the court on May 31, 1960, which was approved as to form by one of respondents' counsel, provided that the state might, on or before July 1, 1960, take possession of respondents' property for the purpose set forth in the petition of condemnation (*i.e.* for the construction, maintenance, and operation of a state office building) as provided in the above-quoted statute, and that respondents should in no event be entitled to retain possession after July 1, 1960.

With reference to the ascertainment of just compensation for the taking of respondents' property, the order contained the following provisions:

"It Is Further Ordered, Adjudged and Decreed that petitioner deposit into the registry of the above entitled court, the amount of Sixteen Thousand Five Hundred and no/100 Dollars ($16,500) which amount shall constitute a continuing offer and tender for the property to be appropriated herein, *and shall pay the full amount of any final judgment of compensation which may hereafter be awarded* for the taking or appropriation of the described land, real estate, and premises.

"It Is Further Ordered, Adjudged and Decreed, that in the event that any final judgment of compensation shall be less than the sum of Sixteen Thousand Five Hundred and no/100 Dollars ($16,500.00), the state, if said respondents

shall have withdrawn said sum from the registry of the court, shall be entitled to a judgment for the difference; otherwise, the excess deposited into the registry of the court shall be returned to the petitioner." (Italics ours.)

For nearly 3 years after the entry of this order, the state earnestly endeavored to bring this matter on for trial on the compensation issue. It is not necessary to review in this opinion all the steps that were taken to achieve this result. The state sought five times to have a trial date set. The trial court did fix a trial date several times, but each time is was stricken on respondents' motion for various reasons. On two separate occasions, respondents' then counsel withdrew from the case.

Finally, the trial court set the matter for hearing during the week of February 25, 1963. This setting was vacated because respondents' counsel was ill. February 18, 1963, the state's motion for a trial setting was continued on the court's own motion and finally came on for hearing on March 4, 1963. Meanwhile, on March 1, 1963, respondents had filed their motion for dismissal of the state's condemnation proceeding on several grounds, the principal ground being that:

" . . . defendants never lost or were legally divested of their legal title to said property described in plaintiff's complaint; that plaintiff never acquired any legal title to said property; and never acquired any right, title or interest in and to said property entitling plaintiff to right of possession and use of said property, and at all times since taking possession and use of said property and premises were nothing more than trespassers.

"4. That the complaint of plaintiff should be wholly dismissed and stricken and defendants restored to the record legal title to said property and premises."

May 23, 1963, the trial court entered the judgment of dismissal from which this appeal is taken. See the court's findings and judgment, quoted at the beginning of this opinion.

June 13, 1963, the state moved for an order supplemental to judgment specifically decreeing that respondents were forever barred from claiming any right to compensation for

the taking of their property. The basis for the motion was stated in the supporting affidavit of one of the state's counsel, as follows:

" . . . That he has read the judgment of dismissal and believes that said judgment is res judicata as to the respondents' right for compensation for the taking of their property described in the petition for condemnation, since the basis for dismissal at the request of respondents must be on the basis that they waive compensation; that the proposed supplemental order is to clarify any misunderstanding respondents may have as to the effect of the judgment heretofore entered. That if there has been a misunderstanding, the petitioner is willing to allow respondents to withdraw their motion for dismissal and to have the judgment vacated, and stands ready to try the issue as to the value of the property as soon as possible."

The trial judge declined to enter such supplemental order and endorsed thereon the following:

"Rejected by the Court because of lack of jurisdiction. The order of Dismissal is Res Judicata."

The sole error assigned by the state reads as follows:

"The court erred in failing to enter a decree of appropriation for the amount paid into the court pursuant to the stipulation and provisions of RCW 8.04.094 and in entering its judgment of dismissal."

In support of this assignment, the state argues that when the parties entered into the stipulation of May 27, 1960 (portions of which are quoted above), they agreed to be bound by RCW 8.04.094, which provides:

"If any respondent shall elect to demand a trial for the purpose of assessing just compensation and. damages arising from the taking, *he shall so move within sixty days* from the date of entry of the order of immediate possession and use, and *the issues shall be brought to trial within one year* from the date of such order unless good and sufficient proof shall be offered and it shall appear therefrom to the court that the hearing could not have been held within said year. In the event that no such demand be timely made or having been timely made, shall not be brought to trial within the limiting period, the court, *upon application of the state,* shall enter a decree of appropriation *for the*

*amount paid into court* under the provisions of RCW 8.04-.090, as the total sum to which respondents are entitled, and *such decree shall be final and nonappealable."* (Italics ours.)

It is further argued by the state that, since respondents violated this statute by failing to show that the issue of just compensation could not have been heard by the court within 1 year from May 31, 1960, they, being thus in default (so to speak) cannot prevent the trial court from following the procedure authorized in the last sentence in the above-quoted statute. In other words, as we understand the state's contention, respondents having failed, without reasonable excuse, to demand and obtain a trial for the purpose of deciding the amount of just compensation within 1 year after the entry of the order of immediate possession, they are limited to accepting the amount tendered by the state and paid into court. Consequently, the state claims that it is now entitled to a decree of appropriation vesting in the state the fee simple title to respondents' property, and respondents must accept the sum paid into court as the total compensation for their property.

It is to be noted that respondents have failed to appear in this court; consequently, we do not have the benefit of either oral or printed argument on their behalf concerning the important legal issue involved in this case.

The question is whether the state's contention is valid in view of Const. Art. 1, § 16, which provides that private property may not be taken for a public use without just compensation having been first made or paid into court for the owner, which compensation shall be ascertained by a jury, unless a jury be waived in the manner prescribed by law.

The effect of the trial court's judgment of dismissal left the parties in this seemingly inconsistent position: the sum of $16,500, which the state had deposited in the registry as a continuing tender pursuant to the stipulation of May 27, 1960, was ordered returned to the state and respondents were absolutely and completely restrained from interfering with the state's possession of the property. Nothing is said

in the judgment regarding the title to the property which, in the absence of a decree of appropriation, is still vested in respondents. There is a finding that no question remains except the fixing of compensation for respondents, but the judgment contains no provision for the trial of that issue.

As noted above, the trial court refused to enter a supplemental order on the state's motion which would have forever barred respondents from claiming any right to compensation for the taking of their property.

The state argues that the judgment appealed from may be construed in one of three ways:

"(1) It constitutes an appropriation of the property to the state without a determination of damages, and hence it is invalid;

"(2) It constitutes an appropriation of the property to the state for the amount paid into the registry of the court;

"(3) Respondents' action amounts to a gift since they took this action after advice of counsel and explanation by the court."

We do not agree entirely with any of these suggested interpretations.

■ The three essential judgments required in a condemnation proceeding are stated in *State v. Calkins,* 54 Wn. (2d) 521, 342 P. (2d) 620 (1959). The conclusion reached by the court in that case is stated as follows:

" . . . As was pointed out in *Public Utility Dist. No. 1 v. Washington Water Power Co., supra,* [43 Wn. (2d) 639, 262 P. (2d) 976] it is necessary that each of the three judgments become final before a subsequent judgment can have any effect. In the present case the judgment fixing the amount of the award was never satisfied, because the relator did not pay the money into court for the owners as the judgment required.

"It is apparent then that the decree of appropriation never vested title in the State. . . . " p. 526.

See, also, *State ex rel. Lange v. Superior Court,* 61 Wn. (2d) 153, 377 P. (2d) 425 (1963).

It follows that there cannot be a dismissal of a condemnation proceeding after the adjudication of public use (except on the motion of a condemnor who is abandoning the ac-

tion) until the just compensation has been fixed and paid as required by Const. Art. 1, § 16, *supra,* and thereafter a decree of appropriation has been entered.

 While the lack of cooperation of respondents in preventing the bringing of the issue of compensation on for trial is a violation of RCW 8.04.094 (quoted above), we are of the opinion that the legislature cannot deprive even a recalcitrant property owner of the constitutional right to have the amount of his just compensation determined as provided therein. Here, respondents failed to demand a trial within 60 days of May 31, 1960, and the issue was not brought to trial within 1 year thereafter. There was no showing that the issue could not have been brought to trial within that time. The trial court specifically found that the state had at all times been ready to go to trial in this case, so we think that this finding implied that respondents did not sustain their burden of showing that the hearing could not have been held within the 1-year period.

In respondents' motion to dismiss the condemnation proceeding, they did not ask that their compensation be determined, but sought to have the legal title to the property restored to them and the action terminated. They were not entitled to this relief, especially since the legal title to the property at all times remained in them and still does. But we do not hold that respondents, by their conduct, have waived their constitutional right to compensation, nor can the legislature deprive them of it by the provision in RCW 8.04.094 (quoted above). Under this statute (if valid) respondents are in default of compliance with the requirements thereof, and hence the state would be entitled to a decree of appropriation from which respondents may not appeal to this court, and they would be relegated to the amount heretofore paid into court as their total compensation.

In the present case, under the judgment of dismissal, the court did not enforce the provisions of RCW 8.04.094 just referred to. Nevertheless, as matters now stand, the question of the validity of that statute is inextricably involved in the solution of the issues presented by the record

in this case. We cannot remand this case without passing upon that question.

In *State ex rel. Eastvold v. Yelle,* 46 Wn. (2d) 166, 279 P. (2d) 645 (1955), we had occasion to pass upon the constitutionality of RCW 8.04.090 prior to its subsequent amendment. At that time it provided that, if the state required immediate possession of property involved in a condemnation proceeding, it could (after an order of public use had become final) pay the amount which it offered as compensation into court and take possession without the consent of the owner. In holding that statute invalid, this court stated:

"RCW 8.04.010 *et seq.* permits the state to acquire possession upon payment into court of the amount of its last offer, and provides for a jury determination of just compensation at a later date, at the election of the owner. Although in most instances eventual payment is assured, the property owner is denied his right to have 'just compensation' judicially determined and paid before his property is taken.

"We conclude that, under Art. I, § 16, amendment 9 of the state constitution, a property owner is entitled to a judicial determination of just compensation, and payment thereof, before the state can deprive him of possession under the power of eminent domain. This includes the right to a jury trial unless waived. RCW 8.04.090, inasmuch as it denies the owner these rights, is unconstitutional."

In the case at bar, respondents, on May 27, 1960, by written stipulation, consented to the state's taking possession of their property pursuant to RCW 8.04.090 (as now amended). March 4, 1963, after the state had been in possession for nearly 3 years and had constructed a state office building thereon, respondents moved to dismiss the condemnation proceeding and to restore legal title to them. This was not possible because they had and still have the legal title (subject to the state's right of condemnation). The trial court dismissed the action after finding that no determination as to just compensation had ever been made.

In our search for a practicable solution to this unique problem, we have considered all the factors men-

tioned herein, and have concluded that the judgment of dismissal entered by the trial court must be vacated and substantially the following order entered in lieu thereof:

"Pursuant to the direction of the Supreme Court of the State of Washington contained in its remittitur which has been filed in the above entitled court and cause, the judgment of dismissal entered herein on the 23rd day of May, 1963, is hereby vacated.

"It Is Hereby Ordered That defendants Roy H. Bergh and Leila I. Bergh, his wife, shall, within 15 days of the service of a certified copy of this order upon them, file herein their election, in writing, to go to trial on the issue of the amount of just compensation for the taking by the State of Washington of Lot 3, Block 91, Town of Olympia, as of May 31, 1960, for the purpose alleged in the state's petition in superior court cause No. 32027 of the above-entitled court. Said respondents shall, within said period, serve a copy of said written election upon the Attorney General of the State of Washington.

"In the event that said respondents shall fail to file and serve said written election within the time and in the manner herein directed, they shall be declared in default for want of an appearance in the above-entitled cause, and thereafter further proceedings may be had therein in the manner prescribed by law in condemnation proceedings in which a property owner has failed to enter any appearance whatsoever.

"A certified copy of this order shall be forthwith personally served upon each of the respondents and upon the Attorney General in the manner provided by law for the service of process."

Any further condemnation proceedings had in the trial court herein shall be conducted in a manner consistent with the views expressed in this opinion.

It is so ordered.

The remittitur shall be transmitted to the trial court forthwith.

Ott, C. J., Hunter and Hale, JJ., and Edgerton, J. Pro Tem., concur.

HILL, J. (who did not participate in the consideration of the above case) concurred in writing that the foregoing decision go into effect immediately pursuant to RPBSC 15.