[No. 11848-0-I. Division One. November 26, 1984.]

THE CITY OF EVERETT, *Appellant,* v. HARRIET WINDE WEBORG, ET AL, *Respondents.*

*Perkins, Coie, Stone, Olsen & Williams* and *Charles C. Gordon,* for appellant.

*Thom, Navoni, Pierson, Ryder & Major, Inc., P.S.,* and *Richard W. Pierson,* for respondents.

RINGOLD, J.—The City of Everett appeals from an award to Harriet Weborg of attorney and expert witness fees she incurred while litigating the amount offered for her property in a condemnation proceeding. Weborg cross–appeals the trial court's denial of fees attributable to a public use and necessity hearing. We conclude that the award of attorney fees and costs was contrary to RCW 8.25.070 and reverse.

The City, after extended negotiations, instituted eminent domain proceedings to acquire Weborg's property for the

purpose of constructing a city street. The City, on June 17, 1981, served Weborg with a document entitled "Offer of Settlement and Request for Immediate Possession and Use." Weborg refused the offer, objecting to the City's contention that the use was public and to the amount offered. Following a hearing, an order of public use and necessity was entered on November 30, 1981. It was not until January 6, 1982 that Weborg offered to stipulate to immediate possession and use. This was 203 days after the City's offer of settlement and 37 days after the order of public use was entered. On March 9, 1982 a stipulation and order for immediate use and possession of Weborg's property was filed and entered.

Trial to determine compensation began April 14, 1982. The City concedes that the jury verdict was 10 percent higher than the City's highest offer of settlement that came at least 30 days prior to trial. The trial court awarded Weborg $10,817.10 for expert witness fees and $18,923 for reasonable attorney fees. The court denied a request for $4,750 in additional attorney fees attributable to the trial on public use and necessity.

The issue before us concerns statutory interpretation only. There is no constitutional right to attorney fees. Any award of fees must be based on a statute. *Bellingham v. Eiford Constr. Co.*, 10 Wn. App. 606, 519 P.2d 1330 (1974). The statute governing the award of attorney fees and witness fees to a condemnee is former RCW 8.25.070. It states in pertinent part:

(1) Except as otherwise provided in subsection (3) of this section, if a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned, the court shall award the condemnee reasonable attorney's fees and reasonable expert witness fees in the event of any of the following:

(a) If condemnor fails to make any written offer in settlement to condemnee at least thirty days prior to commencement of said trial; or

(b) If the judgment awarded as a result of the trial

exceeds by ten percent or more the highest written offer in settlement submitted to those condemnees appearing in the action by condemnor at least thirty days prior to commencement of said trial.

. . .

(3) Reasonable attorney fees and reasonable expert witness fees authorized by this section shall *be awarded only if the condemnee stipulates, if requested to do so in writing by the condemnor, to an order of immediate possession and use of the property being condemned within thirty days after receipt of the written request, or within fifteen days after the entry of an order adjudicating public use* whichever is later . . .

(Italics ours.)

The City argues that Weborg is not entitled to an award of fees because she failed to stipulate within 30 days of its settlement offer or within 15 days of the public use hearing. Weborg contends that the City's offer was invalid since the City failed to follow the procedural order required by RCW 8.04.090.[1] The trial court found that RCW 8.04.090 requires the City to hold a public use and necessity hearing before a property owner receives an offer triggering her duty to act in order to qualify for an award of fees. The court also found that a condemnee does not need to respond to an offer until the condemnor deposits its offer in the registry of the court.

An analysis of the statutory scheme which regulates eminent domain proceedings reveals that RCW 8.04.090 should not alter the plain language of RCW 8.25.070. The award of attorney fees to condemnees is of recent origin in the State of Washington. RCW 8.04.090 was enacted in Laws of 1951,

---

[1]RCW 8.04.090 provides in part:

"In case the state shall require immediate possession and use of the property sought to be condemned, and an order of necessity shall have been granted, and no review has been taken therefrom, the attorney general may stipulate with respondents in accordance with the provisions of this section and RCW 8.04.092 and 8.04.094 for an order of immediate possession and use, and file with the clerk of the court wherein the action is pending, a certificate of the state's requirement of immediate possession and use of the land, which shall state the amount of money offered to the respondents and shall further state that such offer constitutes a continuing tender of such amount."

ch. 177, § 1, p. 485, amending Laws of 1925, 1st Ex. Sess., ch. 98, § 1, p. 144, providing only a method whereby the State may obtain immediate possession and use of the property sought to be condemned, without allowance made for awards of attorney or witness fees. It was not until the enactment of RCW 8.25.070 by the Legislature in Laws of 1967, 1st Ex. Sess., ch. 137, § 3, that provision was made for awards of attorney and witness fees to condemnees.

 RCW 8.04.090 is applicable only to the State and not cities. RCW Title 8 has a separate chapter devoted to the procedures to be used by six different condemning bodies. RCW 8.04 governs the State, RCW 8.12 governs the cities, and RCW 8.25 is devoted to additional provisions applicable to all eminent domain proceedings. This court has previously distinguished between the varying bodies in deciding the appropriate standard of review in eminent domain proceedings. *In re Puget Sound Power & Light Co.,* 28 Wn. App. 615, 625 P.2d 723 (1981).

The Legislature has differentiated between the State and municipalities for good reason. The municipal eminent domain statute

> makes the least demands on the condemning authority of any of our eminent domain laws. This is perhaps a reflection of a philosophy of the legislature that the smaller the governmental unit, the more responsive it is to the public will and the less likely it is to engage in an oppressive use of the eminent domain power.

North, *The Element of Necessity in Washington Eminent Domain Proceedings,* 18 Gonz. L. Rev. 665, 669 (1982–83).

 Neither RCW 8.12 nor RCW 8.25.070 requires there be an order of public use and necessity before a city makes a written offer. Even RCW 8.04.090 only requires that the stipulation for immediate possession and use must occur after the order, without making reference to the timing of an offer. Addressing when a condemnee may stipulate to the offer, the Supreme Court stated:

> The express terms of RCW 8.25.070 do not limit the time within which a condemnee may offer to stipulate to

immediate possession. Had the legislature intended to impose such a limitation, we presume the statute would have so provided. In addition, the statute is not vague, ambiguous or irrational on its face. Where there is no ambiguity in a statute, there is nothing for this court to interpret. *State ex rel. Hagan v. Chinook Hotel*, 65 Wn.2d 573, 399 P.2d 8 (1965) and cases cited therein. Even if it could be said that the time limitation must have been omitted inadvertently, it is not the function of this court to inject one. *Vannoy v. Pacific Power & Light Co.*, 59 Wn.2d 623, 369 P.2d 848 (1962). That is purely a legislative problem. Thus, we hold that the offer to stipulate to immediate possession and use was timely made under RCW 8.25.070.

*State v. Roth*, 78 Wn.2d 711, 714, 479 P.2d 55 (1971). The same reasoning applies to when an offer may be made by a condemnor; therefore, the City's offer made before the public use and necessity order was valid.

Weborg argues that had she accepted the offer by the City prior to the public use hearing, she would have waived the right to contest public use and necessity. This argument is not supported by authority and is not correct. In a condemnation proceeding, a determination of public use is a judicial determination that may not be waived. *See* RCW 8.12.090 and *In re Seattle*, 96 Wn.2d 616, 627, 638 P.2d 549 (1981). Furthermore, Weborg could have refused to stipulate until 15 days following the order of public use and still qualified for attorney and witness fees under RCW 8.25-.070.

Weborg next asserts that RCW 8.04.090 may be interpreted as impliedly extending the time limits of RCW 8.25-.070 by the 30–day appeal period of the public use order. For the reasons stated in *Roth,* this court should not interpret the language of RCW 8.25.070 to include an appeal period when none is referred to.

Weborg is entitled to attorney fees only if she satisfies the prerequisites of RCW 8.25.070. Weborg did not agree to stipulate to immediate use and possession within 15 days after the order adjudicating public use. If this time con-

straint affects the right of the condemnee to challenge the order of public use on appeal, it is a matter which must be addressed by the Legislature.

Finally, Weborg contends that the City must deposit its offer before Weborg is required to stipulate. There is no authority for this proposition. Former RCW 8.25.070 contemplates the stipulation occurring prior to the deposit, as it allows fees "only if the condemnee stipulates . . . *and thereafter* delivers possession of the property to the condemnor *upon the deposit in court* of a warrant sufficient to pay the amount required by law." (Italics ours.)

The authorities cited by Weborg stand for the proposition that some compensation must be given to a property owner before possession takes place by the condemnor. *State v. Bergh,* 64 Wn.2d 628, 393 P.2d 293 (1964); *London v. Seattle,* 93 Wn.2d 657, 611 P.2d 781 (1980). These cases do not require nor should a condemnor be required to deposit funds before the condemnee has agreed to stipulate.

We reverse the judgment awarding attorney fees and expert witness fees.

SWANSON and COLEMAN, JJ., concur.