[No. 12788-8-I.   Division One.   April 24, 1985.]

KARL F. DAVISCOURT, ET AL, *Respondents*, v. WILLIAM M. PEISTRUP, ET AL, *Appellants*.

*Foster, Pepper & Riviera, David C. Anderson, Kevin T. Helenius, Schweppe, Doolittle, Krug, Tausend & Beezer, P.S.,* and *Alfred J. Schweppe,* for appellants.

*Kargianis & Austin* and *Russell A. Austin, Jr.,* for respondents.

SWANSON, J.—This is a consolidated appeal by William M. and Betty G. Peistrup and Clarence T. and Alice L. Brannman of the superior court judgment denying attorney and expert witness fee awards under RCW 8.25.070(1) to condemnees in a private condemnation proceeding.[1] We affirm the trial court's judgment.

Respondents Karl F. and Barbara E. Daviscourt brought a condemnation action for a private way of necessity over the Peistrups' and Brannmans' properties. In the first phase of the action, the Daviscourts were granted a private way of necessity over the properties; in the second phase, a jury awarded compensation of $2,800 to the Peistrups and

---

[1]The appellants' motion to have the case transferred to the Washington Supreme Court for a determination on the merits was denied, as was their motion to modify the commissioner's ruling.

$3,700 to the Brannmans for the easement rights granted in the private way of necessity order. The trial court denied the Peistrups and the Brannmans attorney and expert witness fee awards under RCW 8.25.070(1)(b) based upon the court's interpretation that RCW 8.25.070 does not apply to a condemnation for a private way of necessity.[2] The trial judge noted that he was not deciding the question under the Washington State Constitution's eminent domain clause, Const. art. 1, § 16 (amend. 9).

The issues are (1) whether RCW 8.25.070 authorizes attorney and expert witness fee awards in a condemnation for a private way of necessity; and (2) if not, whether such awards are nevertheless required in a private condemnation proceeding under the Washington Constitution's eminent domain clause.

■ In Washington attorney fees may be awarded only where authorized by the parties' private agreement, a statute, or a recognized ground of equity. *Mellor v. Chamberlin,* 100 Wn.2d 643, 649, 673 P.2d 610 (1983). Here the appellants contend that they are entitled to reasonable attorney and expert witness fees pursuant to former RCW 8.25.070(1)(b),[3] which states:

Award of attorney's fees and witness fees to condemnee—Conditions to award. (1) Except as otherwise

---

[2]The trial court awarded separately to the Peistrups and the Brannmans a $100 statutory attorney fee and $24 witness fee.

[3]RCW 8.25.070 was amended in 1984. Laws of 1984, ch. 129, § 1, p. 583. The pre–1984 version applies in this case. *See Petersen v. Port of Seattle,* 94 Wn.2d 479, 487, 618 P.2d 67 (1980) (statute in force at action's termination governs attorney fee right); *Renton v. Scott Pac. Terminal, Inc.,* 9 Wn. App. 364, 375, 512 P.2d 1137 (1973) (statute in effect on jury verdict date governs attorney fee award).

RCW 8.25.070(3) provides for an attorney and expert witness fee award only after delivery, upon the court deposit of a sufficient warrant, of the property for the condemnor's possession and use after stipulation to an order of immediate possession and use within 30 days after receipt of a written request or 15 days after entry of a public use order, whichever is later. If no request is made for a stipulation to an order of immediate pretrial possession and use, the condemnee is entitled to reasonable attorney and expert witness fees pursuant to RCW 8.25-.070(1) and (2).

provided in subsection (3) of this section, if a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned, the court shall award the condemnee reasonable attorney's fees and reasonable expert witness fees in the event of any of the following:

. . .

(b) If the judgment awarded as a result of the trial exceeds by ten percent or more the highest written offer in settlement submitted to those condemnees appearing in the action by condemnor at least thirty days prior to commencement of said trial.

It is undisputed that the judgment here exceeded by 10 percent the Daviscourts' highest written settlement offers to the Peistrups and Brannmans so that RCW 8.25.070's condition (1)(b) has been met.

The appellants claim that RCW 8.25.070's language is unambiguous so that resort to statutory construction is unnecessary to find that they are entitled to reasonable attorney and expert witness fees under this provision. Yet in attempting to demonstrate the lack of ambiguity, the appellants themselves rely upon statutory construction, comparing RCW 8.25.070's language with that of the two preceding sections and citing case authority for the proposition that the sequence of statutes concerning the same subject matter should be considered in interpreting a provision. The appellants have thus undermined their own argument.

█ Further, the statute does not define the terms, "condemnee" and "condemnor," as used in RCW 8.25.070(1) or specify the scope of the provision's applicability. Thus the provision is ambiguous as to whether attorney and expert witness fees may be awarded in a condemnation for a private way of necessity.[4] Where the legislative intent is not

---

[4]*Cf. Everett v. Weborg*, 39 Wn. App. 10, 13–15, 691 P.2d 242 (1984) (pre–1984 RCW 8.25.070's plain language indicates that a condemnee must comply with subsection (3)'s time requirements despite a right to appeal the public use and necessity order); *State v. Olson*, 31 Wn. App. 403, 406–07, 642 P.2d 410, *review denied*, 97 Wn.2d 1023 (1982) (former RCW 8.25.070's unambiguous language mandates that under subsection (1)(b) trial judgment exceed by 10 percent highest written offer made at least 30 days before trial).

clear from the statutory language, we may consider the legislative history. *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 751, 675 P.2d 592 (1984), *cert. denied,* __ U.S. __, 85 L. Ed. 2d 299, 105 S. Ct. 2017 (1985).

RCW 8.25.070, as first enacted in 1967, provided for an attorney and expert witness fee award if certain conditions were met where a trial was held to determine the compensation amount and the condemnee offered to stipulate to an order of immediate possession of the subject property.[5] RCW 8.25.070 was expressly made applicable to a condemnation for a private way of necessity by section 4 of the same 1967 act, which section was codified as RCW 8.25.900.[6]

In 1971 RCW 8.25.070 was amended and reenacted as section 3 of Laws of 1971, 1st Ex. Sess., ch. 39, which act was entitled:

> AN ACT Relating to the acquisition of property by public agencies, amending section 47.52.050, chapter 13, Laws of 1961 and RCW 47.52.050; and amending section 3, chapter 137, Laws of 1967 ex. sess. and RCW 8.25.070; and adding a new section to chapter 8.25 RCW.

The Washington State Constitution's article 2, section 19 provides: "No bill shall embrace more than one subject, and that shall be expressed in the title." This section has a dual purpose:

---

[5]The 1967 enactment of RCW 8.25.070 provided for an attorney and expert witness fee award where a trial was held to determine just compensation and the condemnee offered to stipulate to an order of immediate possession if (1) the condemnor failed to make a written settlement offer at least 30 days before trial; (2) the trial judgment exceeded by at least 10 percent the condemnor's highest written settlement offer made at least 30 days before trial; or (3) in the trial court's opinion, the condemnor displayed bad faith in its dealings with the condemnee. Laws of 1967, 1st Ex. Sess., ch. 137, § 3, p. 2208.

[6]RCW 8.25.900, which was repealed in 1971, Laws of 1971, 1st Ex. Sess., ch. 240, § 22, p. 1085, stated:

"*The provisions of* chapter 125, Laws of 1965 extraordinary session and *chapter 8.25 RCW,* as amended and added to by this 1967 amendatory act, *shall apply to all proceedings regulated by chapters 8.04, 8.08, 8.12, 8.16, 8.20 and 8.24 RCW* as fully as though they were set forth in each of such chapters." (Italics ours.) RCW 8.24 authorizes the condemnation of land for a private way of necessity.

(1) to prevent "logrolling", or pushing legislation through by attaching it to other necessary or desirable legislation, and (2) to assure that the members of the legislature and the public are generally aware of what is contained in proposed new laws.

*Flanders v. Morris,* 88 Wn.2d 183, 187, 558 P.2d 769 (1977), *quoted in Washington Educ. Ass'n v. State,* 97 Wn.2d 899, 906, 652 P.2d 1347 (1982).

Here the title of the 1971 act amending and reenacting RCW 8.25.070 referred to the "acquisition of property by public agencies". The act's section 3, which amended and reenacted RCW 8.25.070, authorized an attorney and expert witness fee award in certain circumstances. Under Const. art. 2, § 19, a rational nexus must exist between an act's general subject, as reflected in its title, and its subsections. *Scott v. Cascade Structures,* 100 Wn.2d 537, 545, 673 P.2d 179 (1983).

We upheld an attorney fee provision in a 1971 act entitled, "Real Property Acquisition—Relocation Assistance for Displaced Persons," finding a rational unity between the act's title and general subject and the provision authorizing an attorney fee award where a court awarded just compensation in an inverse condemnation action. *B & W Constr., Inc. v. Lacey,* 19 Wn. App. 220, 227–29, 577 P.2d 583 (1978).[7] Similarly, here a rational unity exists between the act's title and the provision authorizing attorney fees in certain circumstances where a trial is held to determine the just compensation in a condemnation proceeding brought by a public agency. The appellants contend, however, that the attorney fee provision applies not only to public, but to private, condemnations as well.

■ If the title of a legislative act is general and comprehensive, it will be liberally construed; however, if the title is restrictive, those provisions not within the title will not be

---

[7]*Cf. Barde v. State,* 90 Wn.2d 470, 471–72, 584 P.2d 390 (1978) (Const. art. 2, § 19 violated where no rational unity existed between attorney fee recovery in a civil replevin action and criminal penalties for "dognapping" in act entitled "act relating to the taking or withholding of property").

given force. *Gruen v. State Tax Comm'n,* 35 Wn.2d 1, 10, 211 P.2d 651 (1949); *State ex rel. Jones v. Charboneau's,* 27 Wn. App. 5, 10, 615 P.2d 1321, *review denied,* 94 Wn.2d 1021 (1980).

> [A] restrictive title is one where a particular part or branch of a subject is carved out and selected as the subject of the legislation. If the legislature seeks this method, . . . the body of the act must be confined to the particular portion of the subject which is expressed in the limited title. The courts cannot enlarge the scope of the title. . . . *The constitution has made the title the conclusive index to the legislative intent as to what shall have operation.* It is no answer to say that the title might have been more comprehensive, if, in fact, the legislature has not seen fit to make it so.

(Italics ours.) *Gruen,* at 23.

In holding unconstitutional a state law enacted through the initiative process, we stated:

> A ballot title which refers only to places selling or exhibiting "obscene films" and "obscene publications" when the body of the initiative includes places of prostitution, illegal gambling, fighting and opium smoking does not meet the constitutional requirement that the title express the subject of the bill or initiative.

*State ex rel. Jones v. Charboneau's, supra* at 9. Where an act's restrictive title referred only to "charitable institutions," our Supreme Court held that the act's provisions concerning nonprofit organizations, which were distinctively different from charitable organizations, could not be given force. *Swedish Hosp. v. Department of Labor & Indus.,* 26 Wn.2d 819, 831–32, 176 P.2d 429 (1947). In construing another statute, the court stated that

> the title of the 1943 act is a restrictive one, in the sense that it is expressly limited in scope to the protection of employees in *factories* where machinery is used. This being so, it necessarily follows that any provision of the act which purports to cover nonfactory operations is beyond the scope of the title and hence invalid. Thus the clause relied upon by appellant, "or conducting any operation where machinery is used," being clearly

intended to cover operations not included under the term "factory, mill or workshop," must be held void. *Blanco v. Sun Ranches, Inc.,* 38 Wn.2d 894, 901–02, 234 P.2d 499 (1951).

██ Here the title of the 1971 act in question is restrictive in expressly limiting the act's scope to the acquisition of property by public agencies.[8] Thus if the attorney fee provision codified as RCW 8.25.070 is interpreted to authorize an attorney fee award in a condemnation action brought by a private individual as well as a public agency, the provision would exceed the scope of the title and thus be invalid. *Blanco.* Where a statute is open to two constructions, one of which will render it constitutional and the other unconstitutional, the former construction is to be adopted. *Department of Labor & Indus. v. Cook,* 44 Wn.2d 671, 679, 269 P.2d 962 (1954). If RCW 8.25.070 is construed to authorize an attorney fee award in public condemnations only, the provision would fall within the title's scope. Thus this interpretation which would uphold the provision's constitutionality should be adopted.

Moreover, the interpretation that RCW 8.25.070 is limited to public condemnations is supported by the 1971 repeal of RCW 8.25.900, which had expressly made RCW 8.25.070 applicable to condemnations for a private way of necessity, RCW 8.24. Laws of 1971, 1st Ex. Sess., ch. 240, § 22, p. 1085.

The appellants contend that an absurd result is reached if RCW 8.25.900's repeal is held to have rendered RCW 8.25.070 inapplicable to RCW 8.24 proceedings: if the repeal had that effect, they argue, it similarly made chapter 8.25 inapplicable to all the other Title 8 chapters enumerated in RCW 8.25.900 so that RCW 8.25 is a nullity. The gist of the appellants' argument is that RCW 8.25.900's

---

[8]*Cf.* the title of the 1967 act that originally enacted RCW 8.25.070 and expressly made the attorney fee provision applicable in private as well as public condemnation actions: "ACT relating to eminent domain; providing for allowance of costs and fees in connection therewith . . ." Laws of 1967, 1st Ex. Sess., ch. 137.

repeal should be interpreted as not having the effect of repealing RCW 8.25.900 because of an otherwise claimed absurd result.

In construing revised statutes and connected acts of amendment and repeal, it is necessary to observe great caution to avoid giving an effect to these acts which was not contemplated by the legislature.

*Amburn v. Daly,* 81 Wn.2d 241, 245, 501 P.2d 178 (1972). Absurd results should be avoided in statutory construction. *State v. Burke,* 92 Wn.2d 474, 478, 598 P.2d 395 (1979). Further, it is presumed that the Legislature does not engage in unnecessary or meaningless acts. *State v. McCullum,* 98 Wn.2d 484, 493, 656 P.2d 1064 (1983).

■ Here RCW 8.25.900 was repealed during the same 1971 legislative session during which RCW 8.25.070 was amended and reenacted, though in another act.

[I]t is . . . presumed that [statutes in pari materia passed during the same legislative session] are imbued with the same spirit and actuated by the same policy, and they are to be construed together as if parts of the same act. They should be so construed, if possible, as to harmonize, and force and effect should be given to the provisions of each; . . .

(Citation omitted.) *State ex rel. Or. R.R. & Nav. Co. v. Clausen,* 63 Wash. 535, 540, 116 P. 7 (1911); *accord, International Comm'l Collectors, Inc. v. Carver,* 99 Wn.2d 302, 307, 661 P.2d 976 (1983). The title of the act amending and reenacting RCW 8.25.070, which title referred to the acquisition of property by public agencies, is evidence of a legislative intent to authorize attorney fee awards in public condemnations. *Gruen,* at 23. The act "applie[d] . . . [to] condemnation actions by the state and local government." Senate Journal, 42d Legislature (1971), at 377. Similarly, RCW 8.25.900's repeal is evidence of a legislative intent not to have RCW 8.25's provisions apply in all Title 8 proceedings, including RCW 8.24 actions for a private way of necessity. The interpretation that RCW 8.25.070 applies only to public condemnations does not render meaningless

the Legislature's repeal of RCW 8.25.900 and at the same time does not lead to the absurd result of making RCW 8.25 a nullity.

Additional evidence of a legislative intent to authorize an attorney fee award where private property is taken for a public use is found in RCW 8.25.075,[9] which provides for reasonable attorney and expert witness fees in certain circumstances, *e.g.*, in an inverse condemnation action against a public agency where the plaintiff is awarded just compensation or, when appropriate, where the claim is settled, RCW 8.25.075(2), (3). RCW 8.25.075 is section 21 of the relocation assistance and real property acquisition policy act, Laws of 1971, 1st Ex. Sess., ch. 240, which was passed so that the state and local governments could obtain financial aid in acquiring real property by meeting the requirements of the federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 *et seq.* (1982).[10] *B & W Constr., Inc. v. Lacey,* 19 Wn. App. 220, 227, 577 P.2d 583 (1978). One requirement was the payment of litigation expenses, including reasonable attorney fees, in certain cases. 42 U.S.C. §§ 4654, 4655.

Interpreting RCW 8.25.070 to authorize an attorney and

---

[9]RCW 8.25.075 authorizes an attorney and expert witness fee award where (1) a final adjudication is made that the condemnor cannot acquire the property by condemnation, (2) the condemnor abandons the proceeding, or (3) a plaintiff is awarded compensation exceeding by at least 10 percent the highest written pretrial settlement offer made in an inverse condemnation action against a public agency, *Snohomish v. Joslin,* 9 Wn. App. 495, 500, 513 P.2d 293 (1973).

In addition, the section authorizes the acquiring agency's attorney to include in the settlement amount reasonable attorney and expert witness fees, when appropriate, where a claim is settled in an inverse condemnation action. RCW 8.25.075(2).

[10]To obtain federal financial aid in acquiring real property under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 *et seq.* (1982), state and local governments needed to comply with the federal land acquisition policy guidelines and pay condemned property owners' expenses, including reasonable attorney fees in certain cases. *See Columbia, S.C. v. Costle,* 710 F.2d 1009, 1011, 1013–14 (4th Cir. 1983); *Buffalo v. J.W. Clement Co.,* 45 A.D.2d 620, 360 N.Y.S.2d 362, 366 (1974), *appeal dismissed,* 36 N.Y.2d 713, 366 N.Y.S.2d 1029 (1975).

expert witness fee award only in public condemnations does not lead to an absurd result. The general American rule is that the prevailing litigant is ordinarily not entitled to collect an attorney fee from the loser. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 44 L. Ed. 2d 141, 95 S. Ct. 1612, 1616 (1975); *Mellor v. Chamberlin,* 100 Wn.2d 643, 649, 673 P.2d 610 (1983).

While an argument favoring attorney fee awards in condemnation actions is that fairness dictates awarding litigation costs to a landowner who innocently holds property needed by the condemnor and is distinguishable from a defendant wrongdoer in ordinary civil litigation, a counterargument is that the landowner is no different than an innocent automobile accident victim who may be compelled to sue to obtain adequate damages and yet is not entitled to litigation costs. Moreover, the counterargument continues, the condemnor with a proven need for specific property or an interest in specific property is unlike the culpable defendant in a tort action. *County of Los Angeles v. Ortiz,* 6 Cal. 3d 141, 490 P.2d 1142, 1146–47, 98 Cal. Rptr. 454 (1971).

In fact, prior to the 1970 federal real property acquisition policies act which required the conditional payment of litigation costs to obtain financial aid, most of the states had no law authorizing attorney fees in condemnation proceedings. *Attorneys' Fees in Condemnation Proceedings,* 20 Hastings L.J. 694, 695 (1968–69); Dobson, *Payment of Attorney Fees in Eminent Domain and Environmental Litigation, reprinted in* 8A P. Rohan & M. Reskin, *Nichols on Eminent Domain* § 15.02[2], at 15–8.5 (3d rev. ed. 1983). Fueled by the impetus to receive financial aid for real property acquisition projects, most of the states adopted statutes authorizing attorney fee awards, but only to the extent required by the federal act.[11] Dobson, *supra* at 15–

---

[11]The attorney fee provision of the 1970 federal real property acquisition policies act, 42 U.S.C. § 4654 (1982), authorizes an award for litigation expenses, including attorney fees, if (1) the final judgment is that the federal agency cannot

8.6. Moreover, the federal act's attorney fee provision, the model for state statutes, has been strictly construed as creating only a narrow exception to the general rule of nonrecovery of litigation expenses. *United States v. 410.69 Acres of Land,* 608 F.2d 1073, 1076 (5th Cir. 1979); *United States v. 4.18 Acres of Land,* 542 F.2d 786, 789 (9th Cir. 1976).

Further, it is neither absurd nor unconstitutional to permit the recovery of attorney fees against only certain condemnors and not others, provided that the classification is valid. *Dohany v. Rogers,* 281 U.S. 362, 74 L. Ed. 904, 50 S. Ct. 299, 302, 68 A.L.R. 434 (1930); *McAlester Urban Renewal Auth. v. Cuzalina,* 520 P.2d 656, 658 (Okla. 1973). A classification distinguishing between public and private condemnors in the type of condemnation procedure to be followed may be a legitimate exercise of the legislative judgment. *Dohany.*

In 1965 the Washington Legislature first enacted a statute authorizing an attorney and expert witness fee award, in the trial court's discretion, where the condemnation was abandoned after entry of the public use and necessity order. RCW 8.25.030 (originally enacted as Laws of 1965, 1st Ex. Sess., ch. 125, § 3, p. 2167), *repealed by* Laws of 1971, 1st Ex. Sess., ch. 240, § 22, p. 1085; *Seattle v. Seattle–First Nat'l Bank,* 79 Wn.2d 490, 491, 487 P.2d 777 (1971). The reference to the public use and necessity order evinced a legislative intent to limit recovery of such fees to public condemnations.

The 1967 enactment of RCW 8.25.070 and RCW 8.25.900 enlarged the scope of recovery of attorney and expert wit-

acquire the real property by condemnation, (2) the agency abandons the proceeding, or (3) the plaintiff in an inverse condemnation proceeding is awarded compensation. In addition, the Attorney General may allow a sum for such costs as part of a settlement that is effected.

The Uniform Eminent Domain Code's attorney fee provision, in conformity with the 1970 federal act's attorney fee provision, essentially requires payment of the condemnee's litigation expenses, including attorney fees, where the action is dismissed or the final judgment is that the plaintiff has no right to condemn the subject property. Uniform Eminent Domain Code § 1303, comment, 13 U.L.A. 148 (Master ed. 1980).

ness fees to include the recovery of such fees in a condemnation for a private way of necessity. The pre–1971 RCW 8.25 provisions were found to manifest a legislative intent to make the compensation award more nearly equal to the condemnee's actual loss. *Seattle,* at 493 (citing *State v. Roth,* 78 Wn.2d 711, 479 P.2d 55 (1971)). However, RCW 8.25.070's 1971 amendment, which limited the attorney fee amount that the condemnee could be paid in a condemnation proceeding, was deemed to be a substantive change in the law reflecting the legislative intent that the condemnee shall not necessarily be made whole. *Seattle,* at 494; *see Renton v. Scott Pac. Terminal, Inc.,* 9 Wn. App. 364, 375, 512 P.2d 1137 (1973). This view is supported by the House debate on the bill. *See* House Journal, 42d Legislature (1971), at 750.

RCW 8.25.070's 1971 amendment was partly a response to the Washington Supreme Court decision in *State v. Roth, supra,* and to the large contingent attorney fees that had been awarded pursuant to the 1967 statute.

The *Roth* court, at page 716, in a 5–to–4 decision held that once the statutory conditions were met, an attorney fee award pursuant to RCW 8.25.070[12] was mandatory, not discretionary. The court interpreted the statutory language, "the court may award the condemnee reasonable attorney's

---

[12]The 1967 version of RCW 8.25.070 construed by the court in *State v. Roth,* 78 Wn.2d 711, 713, 479 P.2d 55 (1971) provided in part:

"If a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned and if the condemnee has offered to stipulate to an order of immediate possession of the property being condemned, the court may award the condemnee reasonable attorney's fees and reasonable expert witness fees actually incurred in the event of any of the following:

"(1) If condemnor fails to make any written offer in settlement to condemnee at least thirty court days prior to commencement of said trial; or

"(2) If the judgment awarded as a result of the trial exceeds by ten percent or more the highest written offer in settlement submitted to those condemnees appearing in the action by condemnor at least thirty days prior to commencement of said trial; or

"(3) If, in the opinion of the trial court, condemnor has shown bad faith in its dealings with condemnee relative to the property condemned."

fees", to mean that the trial court's discretion was limited to determining the reasonableness of requested fees, not to determining whether a reasonable fee should be awarded. *Roth,* at 715–16. In response to the *Roth* decision, the Legislature in 1971 changed "may" to "shall."[13] Laws of 1971, 1st Ex. Sess., ch. 39, § 3, at 411.

Moreover, RCW 8.25.070's 1971 amendment limiting an attorney fee award to the daily trial and hourly preparation rates evinced a legislative intent to preclude the State's payment of large contingency fees[14] even though the condemnee's award would thus be reduced by the amount of the difference between the contingency fee the condemnee may owe his attorney and the hourly or daily rate amount permitted under the statute that would be offset against the contingency fee. House Journal, 42d Legislature (1971), at 750; *see State v. Lacey,* 84 Wn.2d 33, 40, 524 P.2d 1351 (1974); Dobson, *supra* at 15–8.27. Thus, as the *Seattle* court noted, RCW 8.25.070's 1971 amendment manifested a legislative intent that in certain cases the condemnee shall not be made whole. *Seattle,* at 494.

Further evidence of a legislative intent that the condemnee shall not be made whole in all cases is found in RCW 8.25.070(2), which states:

> The attorney general or other attorney representing a condemnor in effecting a settlement of an eminent

---

[13]While the legislative history suggests that some legislators may have thought that the state constitution required the change from "may" to "shall" in RCW 8.25.070, any of the *Roth* court's statements regarding just compensation's constitutional requirements were dicta, for the court's decision was based upon its interpretation of RCW 8.25.070. *See, e.g.,* Senate Journal, 42d Legislature (1971), at 372; *Roth,* at 715–16; Dobson, *Payment of Attorney Fees in Eminent Domain and Environmental Litigation, reprinted in* 8A P. Rohan & M. Reskin, *Nichols on Eminent Domain* § 15.02[2], at 15–8.4 (3d rev. ed. 1983).

[14]Examples of pre–1971 contingent attorney fees paid by the State pursuant to RCW 8.25.070 were cited during the House debates on Engrossed Senate Bill 363, which was enacted and section 3 of which was codified as RCW 8.25.070: $7,600 for a 3–day trial; $9,800 for a 5–day trial; $25,000 for a 6–day trial. House Journal, 42d Legislature (1971), at 750.

domain proceeding may allow to the condemnee reasonable attorney fees.

Rather than authorizing a court to award attorney fees where a condemnation action is settled, this subsection merely gives a condemnor's attorney the authority to give the condemnee reasonable attorney fees. Moreover, the only reasonable interpretation of this subsection is that it applies only to public condemnations. Support for this interpretation is found in the legislative debates:

[T]his [section] gives the attorney general, the prosecuting attorney, the city attorney, or the port attorney or any other agency's attorney authority to give an attorney's fee in a condemnation suit.

Senate Journal, 42d Legislature (1971), at 377.

RCW 8.25.070's purpose is to avoid litigation in eminent domain proceedings when possible by encouraging both parties to make a good faith attempt at pretrial settlement. *State v. Olson,* 31 Wn. App. 403, 407, 642 P.2d 410, *review denied,* 97 Wn.2d 1023 (1982); *Port of Seattle v. Rio,* 16 Wn. App. 718, 720–21, 559 P.2d 18 (1977). To effectuate this purpose, the Legislature may well have exercised its judgment to limit the recovery of attorney and expert witness fees under RCW 8.25.070 to public condemnations. *See Dohany v. Rogers, supra.*

Further, just compensation under the constitution is defined as fair market value. Absent a statute, attorney and expert witness fees are not recoverable as just compensation under the constitution's eminent domain clause. *Petersen v. Port of Seattle,* 94 Wn.2d 479, 487, 618 P.2d 67 (1980); *see Dohany v. Rogers, supra; 4.18 Acres of Land,* at 788.

The trial court's judgment is affirmed.

SCHOLFIELD, A.C.J., and HENRY, J. Pro Tem., concur.

Reconsideration denied June 4, 1985.

Review denied by Supreme Court August 16, 1985.