[No. 14086-8-I.   Division One.   March 10, 1986.]

IRENE C. NELSON, ET AL, *Respondents,* v. ROBERT
C. SAMUEL, ET AL, *Appellants.*

*Franklin, Watkins & Webber* and *Richard J. Watkins,* for appellants.

*Mills & Cogan* and *Lawrence R. Mills; Kenneth O. Eikenberry, Attorney General, Theodore O. Torve, Senior Assistant,* and *Victoria W. Sheldon, Assistant; Douglas N. Jewett, City Attorney,* and *Judith Barbour, Assistant; Ryan, Swanson, Hendel & Cleveland* and *Jerry Kindinger,* for respondents.

WEBSTER, J.—On May 22, 1978, Irene C. Nelson negotiated a 30–year lease for certain lots of Lake Washington shorelands from the Washington Department of Natural Resources. In September 1980, Nelson filed a petition in King County Superior Court for appropriation of an easement for a private way of necessity over Robert C. Samuel's land because the leasehold property was landlocked. It is

undisputed that Nelson knew the property was landlocked before she executed the lease.

In 1981 Solveig Green, a respondent in the action below, moved to dismiss Nelson's action based on her failure to join certain necessary and indispensable parties. In response, Nelson amended her petition to include, among others, the State of Washington as an additional party. The State was joined because it was the lessor of the leasehold property, but was not aligned as either a petitioner or a respondent in the action.

On November 10, 1983, based upon a stipulation, an order was entered dismissing with prejudice all claims except Samuel's claim for recovery of costs and attorney's fees. Subsequently, two orders were entered: (1) denying Samuel's claim for attorney's fees and costs against Nelson and denying a motion for reconsideration; and (2) denying Samuel's claim for attorney's fees and costs against the State. Samuel appeals.

The issues on appeal are:

1. Whether RCW 8.25.075 is applicable to a claim for attorney's fees and costs in a condemnation action for a private way of necessity.

2. Whether there is sufficient State involvement to constitute a public condemnation action.

I

*Whether RCW 8.25.075 is applicable to a claim for attorney's fees and costs in an action for a private way of necessity.*

A. Does RCW 8.25.075, on its face, permit attorney's fees in private condemnation actions?

Samuel claims attorney's fees and costs pursuant to RCW 8.25.075(1) which provides:

8.25.075 Costs—Award to condemnee or plaintiff—Conditions. (1) A superior court having jurisdiction of a proceeding instituted by a condemnor to acquire real property shall award the condemnee costs including reasonable attorney fees and reasonable expert witness fees if:

(a) There is a final adjudication that the condemnor cannot acquire the real property by condemnation; or

(b) The proceeding is abandoned by the condemnor.

Samuel argues that since he is a "condemnee" and since Nelson and/or the State are "condemnors" who abandoned the condemnation proceeding, he is entitled to attorney's fees and costs. Samuel contends that the language of the statute is unambiguous. However, in *Daviscourt v. Peistrup,* 40 Wn. App. 433, 698 P.2d 1093 (1985), this court found RCW 8.25.070(1), a similar statute, to be ambiguous because of the Legislature's failure to define the terms "condemnee" and "condemnor." (In *Daviscourt* we were faced with the issue of whether or not RCW 8.25.070(1)(b) authorized attorney's fees and costs in a condemnation action for a private way of necessity.)[1] Likewise, the language in RCW 8.25.075 is ambiguous since it does not specify the scope of the provision's applicability.

B. Does the legislative history indicate an intent to award attorney's fees and costs in a private way of necessity condemnation proceeding?

■ Where the legislative intent is not clear from the statutory language, the court may consider legislative history. *Daviscourt v. Peistrup, supra.* In 1965, the Legislature added new sections to RCW Title 8 (having to do with eminent domain proceedings) including Laws of 1965, 1st Ex. Sess., ch. 125, § 3, which was later codified as RCW 8.25.030. Section 3 provides, in part:

---

[1] RCW 8.25.070(1)(b) provides:

"Award of attorney's fees and witness fees to condemnee—Conditions to award. (1) Except as otherwise provided in subsection (3) of this section, if a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned, the court shall award the condemnee reasonable attorney's fees and reasonable expert witness fees in the event of any of the following:

". . .

"(b) If the judgment awarded as a result of the trial exceeds by ten percent or more the highest written offer in settlement submitted to those condemnees appearing in the action by condemnor in effect thirty days before the trial."

If a condemnor, after entry of an order of public use and necessity in any eminent domain proceeding, shall fail to proceed to acquire the property or abandons the proceedings, the court may in its discretion award to the condemnee a reasonable sum as attorneys' fees and expert witnesses' fees.

Laws of 1965, 1st Ex. Sess., ch. 125, § 3, p. 2167. RCW 8.25.900 made RCW 8.25.030 applicable to condemnations of land for a private way of necessity.

In 1971 the Legislature repealed RCW 8.25.030 and RCW 8.25.900 and added a new section providing for attorney's fees which was codified as RCW 8.25.075.[2] *See* Laws of 1971, 1st Ex. Sess., ch. 240, §§ 21, 22, p. 1085. The 1971 bill was entitled "Real Property Acquisition—Relocation Assistance for Displaced Persons" and was an act "[r]elating to uniform relocation assistance and real property acquisition policy". The act was passed so that state and local governments could obtain financial aid in acquiring real property by meeting the requirements of the federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 *et seq.* (1982). *Daviscourt*, at 442.

The stated purposes of the Washington act are:

(1) To establish a uniform policy for the fair and equitable treatment of persons displaced as a result of *public works* programs of the state and local governments in order that such persons shall not suffer disproportionate injuries as a result of programs designed for the benefit of the public as a whole; and

(2) To encourage and expedite the acquisition of real property for *public works* programs by agreements with owners, to reduce litigation and relieve congestion in the courts, to assure consistent treatment for owners affected by state and local programs, and to promote public confidence in state and local land acquisition practices.

(Italics ours.) Laws of 1971, 1st Ex. Sess., ch. 240, § 1, p. 1075. Permitting attorney's fees and costs in condemnation actions for private ways of necessity would not further the

---

[2]RCW 8.25.075 was amended by Laws of 1977, 1st Ex. Sess., ch. 72, § 1.

stated purposes of the act because allowing attorney's fees would neither reduce litigation nor compensate persons displaced as a result of public works programs.

C. Would application of RCW 8.25.075 to private condemnation proceedings violate article 2, section 19 of the Washington State Constitution?

The trial judge concluded that the title of chapter 240 must be viewed as restrictive in order to prevent it from violating article 2, section 19 of the state constitution. We disagree.

Const. art. 2, § 19 provides "[n]o bill shall embrace more than one subject, and that shall be expressed in the title." In *Kueckelhan v. Federal Old Line Ins. Co. (Mut.)*, 69 Wn.2d 392, 403, 418 P.2d 443 (1966), the court said:

> The basic purposes of the constitutional mandate regarding the title to legislation is to enlighten the legislature and the general public as to what matters are being considered for legislation and to prevent logrolling in the legislative process. However, this constitutional requirement is to be liberally construed so as not to impose awkward and hampering restrictions upon the legislature. Consequently, the legislature is deemed the judge of the scope which it will give to the word "subject." So long as the title embraces a general subject, it is not violative of the constitution even though the general subject contains several incidental subjects or subdivisions. All that is required is that there be some "rational unity" between the general subject and the incidental subdivisions. If this nexus can be found, the act will survive the light of constitutional inspection.

(Citations omitted.)

We find a rational unity between the general subject of real property acquisition and the award of attorney's fees and costs resulting from that acquisition. However, in determining whether or not such an award is appropriate in a private condemnation action, we look to the purposes of the act. *Burley Lagoon Imp. Ass'n v. Pierce Cy.*, 38 Wn. App. 534, 686 P.2d 503 (1984). The purposes of the act, as stated in the act itself, are to expedite the acquisition of real property for public works programs and provide equi-

table treatment for persons displaced as a result of public works programs. Accordingly, we find it was the Legislature's intent to provide for an award of attorney's fees and costs only in public condemnation actions.

D. Does the special privileges and immunities clause of the Washington State Constitution require application of RCW 8.25.075 to private condemnation actions?

■ Article 1, section 12 of the Washington State Constitution prohibits the passing of any law which grants to any citizen, class of citizens, or corporation (other than municipal) privileges or immunities not available on the same terms to all citizens or corporations. Nevertheless, the Legislature has wide discretion in designating classifications as long as reasonable grounds exist for making a distinction between those within and those without the class. *Johnson v. Tradewell Stores, Inc.*, 95 Wn.2d 739, 630 P.2d 441 (1981).

As Nelson points out, there is a rational basis for distinguishing between condemnation actions by public agencies for public works projects and actions by private parties for private ways of necessity. In a public condemnation action the public agency has superior resources to devote to the proceeding. In order to mitigate the disparity of the resources between a public agency and a private party, the Legislature enacted a limited right to recover costs and attorney's fees. While a disparity of resources may exist between two private parties, the prevailing American view is that parties should pay their own attorney's fees. 3 L. Orland, Wash. Prac., *Rules Practice* § 4441, at 411–12 (3d ed. 1978).

Additionally, chapter 240 of the Laws of 1971, 1st Ex. Sess., was passed in order to comply with the federal land acquisition act which does not concern actions between private parties. We find no violation of the constitution's privileges and immunities clause.

## II

*Whether there is sufficient State involvement to constitute a public condemnation action.*

Although Samuel argues that the State was sufficiently involved in this action to make it a condemnor, the affidavits and pleadings on file indicate otherwise. The State did not join the petition for condemnation. Nelson brought the State into the action as an indispensable party in response to Green's motion to dismiss, but the State was never aligned as a petitioner.

Samuel contends that Nelson bargained with the State for a lower rental amount in return for obtaining a right of way in the State's name as well as her own. However, Frank Hansen, the Department of Natural Resources employee who arranged for the lease, stated in his affidavit that the rental value of the land was set at a rate lower than full market value because the property was landlocked. He further stated that Nelson voluntarily proposed that any access to the property should be obtained in the name of the State as well as her own; it was not a condition of the lease. The State's involvement in this case is insufficient to constitute a public condemnation.

Samuel has requested attorney's fees on appeal pursuant to RAP 18.1. Since Samuel has neither prevailed on appeal nor cited any applicable law as grounds for such an award, the request is denied.

The judgment of the lower court is affirmed.

SCHOLFIELD, C.J., and WILLIAMS, J., concur.