[No. 22866–8–I.   Division One.   December 27, 1989.]

CASCADE SEWER DISTRICT, *Appellant,* v. KING COUNTY,
*Respondent.*

*Michael M. Hanis* and *Hanis & Olson,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Fred A. Kaseburg, Deputy,* for respondent.

PEKELIS, J.—The Cascade Sewer District (Cascade) appeals the trial court's award of attorney's fees to King County in a condemnation proceeding brought by Cascade. Cascade contends that public entities such as King County

are not "condemnees" for the purposes of RCW 8.25.075, which provides for an award of attorney's fees to condemnees who successfully contest public condemnation proceedings.

## I

The facts are not in dispute. Cascade initiated condemnation proceedings to acquire a sewer line easement over King County park property. The trial court ruled that Cascade could not acquire the easement because the sewer line would be incompatible with a county park. The court then awarded King County "costs and fees as provided by law."

King County later moved for an award of attorneys fees and costs under RCW 8.25.075. Cascade disputed King County's right to attorney's fees under RCW 8.25.075, arguing that King County was not a condemnee within the meaning of the statute. The trial court determined that King County was entitled to attorney's fees, and awarded King County $17,281 in fees and costs, including $14,900 in attorney fees. Cascade appeals the award of attorney's fees.

## II

Cascade contends that the term "condemnee" as used in RCW 8.25.075 does not apply to public condemnees and so does not apply to takings of public property. Thus, Cascade contends, King County is not entitled to an award of fees under the statute. King County responds that the statute does permit an award of attorney's fees to public condemnees, arguing that such an award is consistent with the statute's language and purpose.

RCW 8.25.075 authorizes an award of attorney's fees in certain condemnation cases, and provides in pertinent part:

(1) A superior court having jurisdiction of a proceeding instituted by a condemnor to acquire real property shall award the condemnee costs including reasonable attorney fees and reasonable expert witness fees if:
(a) There is a final adjudication that the condemnor cannot acquire the real property by condemnation; or
(b) The proceeding is abandoned by the condemnor.

The statute in no way limits the meaning of the term "condemnee". Thus, RCW 8.25.075 would appear to authorize an award of attorney's fees to public as well as private condemnees.

■ This court will not construe unambiguous statutory language. *In re Estate of Foster,* 55 Wn. App. 545, 551, 779 P.2d 272 (1989). However, we recognize that the court in *Nelson v. Samuel,* 43 Wn. App. 114, 120, 715 P.2d 161 (1986), stated that the terms "condemnee" and "condemnor" were ambiguous. It is important to note that the *Nelson* holding was actually directed only to the term "condemnor." Moreover, the court held that the statute did not authorize an award of fees to a public condemnor in a private condemnation action. *Nelson,* 43 Wn. App. at 120. Thus, not only was the meaning of the term "condemnee" not before the court, the context in which condemnor was analyzed was in a private condemnation action. Neither of those circumstances is present here.

■ We find it difficult to see any ambiguity in the term condemnee as used in RCW 8.25.075. However, even if the term were ambiguous, we would nevertheless conclude that King County is entitled to its fees. In construing an ambiguous statute, we consider the subject matter involved, the context in which the words are used, and the purpose of the statute. *PUD 1 v. WPPSS,* 104 Wn.2d 353, 369, 705 P.2d 1195 (1985). We may also consider the legislative history of the statute. *Nelson,* 43 Wn. App. at 117.

We find Cascade's analysis of the legislative intent unpersuasive. Cascade relies on the court's discussion of the purpose of RCW 8.25.075 in *Daviscourt v. Piestrup,* 40 Wn. App. 433, 698 P.2d 1093, *review denied,* 104 Wn.2d 1008 (1985). There, the court stated that "[a]dditional evidence of a legislative intent to authorize an attorney fee award where *private* property is taken for a *public* use is found in RCW 8.25.075". (Italics ours.) *Daviscourt,* 40 Wn. App. at 442. This statement occurs in a discussion of whether attorney's fees should be assessed against private condemnors. Since the court did not consider the question of

whether the statute should apply to public as well as private condemnees, we do not find *Daviscourt* helpful in resolving the issue before us.

Cascade also argues that the Legislature could not have intended RCW 8.25.075 to be applied to public condemnees because the rationale for the statute is the just compensation clause of the Washington State Constitution. Thus, Cascade contends, RCW 8.25.075 is meant to be applied only where private property is taken for public use, citing *Petersen v. Port of Seattle*, 94 Wn.2d 479, 487, 618 P.2d 67 (1980).

In *Petersen,* the court stated that RCW 8.25.075 was enacted in order to bridge the gap between "just compensation" in a constitutional sense, defined as fair market value, and complete compensation, which would include litigation expenses. However, *Petersen* was an inverse condemnation case under RCW 8.25.075(3) in which there was an actual taking of property. The court's statement cannot be read to apply to RCW 8.25.075(1) which, on its face, provides for an award of attorney's fees where *no* property has been taken and *no* compensation is due under the constitution. Thus, it is evident that the Legislature did not intend to limit application of RCW 8.25.075 to cases where constitutional compensation is due.

Our analysis of RCW 8.25.075 begins with the observation that this statute was enacted to bring Washington in conformity with the federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 so that state and local governments could obtain financial aid in real property acquisitions. *Daviscourt,* 40 Wn. App. at 442; *see also* House Transp. Comm. Report, SSB 770, 42d Legislature, 1st Ex. Sess. (1971). The federal act "has been strictly construed as creating only a narrow exception to the general rule of nonrecovery of litigation expenses [in condemnation cases]." *Daviscourt,* 40 Wn. App. at 444, citing *United States v. 410.69 Acres of Land,* 608 F.2d 1073, 1076 (5th Cir. 1979). This strict construction did not prevent the court in *410.69 Acres* from considering the overall intent of

the act in resolving the issue before it. Thus, we construe RCW 8.25.075 in light of our own Legislature's expressed intent.

■ The following statement of purpose, enacted with RCW 8.25.075,[1] is relevant to the issue before us:

. . . .

(2) To encourage and expedite the acquisition of real property for public works programs by agreements with owners, to reduce litigation and relieve congestion in the courts, to assure consistent treatment for owners affected by state and local programs, and to promote public confidence in state and local land acquisition practices.

Laws of 1971, 1st Ex. Sess., ch. 240, § 1, p. 1075. This section indicates that the primary purpose of awarding attorney's fees in unsuccessful or abandoned public condemnation actions is to encourage settlement. The threat of having to pay attorney's fees also encourages condemnors to carefully examine their position before initiating questionable or unnecessary condemnations. This furthers the additional purposes of reducing litigation and promoting public confidence.

We believe that awarding attorney's fees to public condemnees will further all of these purposes. Thus, we hold that RCW 8.25.075(1) applies to public as well as to private condemnees.

### III

■ King County also seeks attorney's fees on appeal, and has complied with the requirements of RAP 18.1. King County is entitled to an award of fees on appeal, since an award of fees will further the purposes of RCW 8.25.075. *Snohomish v. Joslin,* 9 Wn. App. 495, 500, 513 P.2d 293 (1973); *State v. Kodama,* 4 Wn. App. 676, 680, 483 P.2d 857

---

[1]The statement of purpose is in Laws of 1971, 1st Ex. Sess., ch. 240, entitled "Real Property Acquisition—Relocation Assistance for Displaced Persons"; it is codified at RCW 8.26.010(1)(b). RCW 8.25.075 appears in chapter 8.25, a miscellaneous chapter entitled "Additional Provisions Applicable to Eminent Domain Proceedings".

(1971). We therefore award King County its fees on appeal in the amount of $2,550 per its affidavit.

Affirmed.

SCHOLFIELD and WINSOR, JJ., concur.

Reconsideration denied February 1, 1990.