[No. 7644–0–III.   Division Three.   March 17, 1987.]

KENNETH A. SMITH, ET AL, *Appellants,* v. GERALD
SHOWALTER, ET AL, *Respondents.*

*J. Scott Timmons* and *Timmons, Hames & Hollenbeck,*
for appellants.

*George Fearing* and *Leavy, Schultz & Sweeney,* for respondents.

THOMPSON, A.C.J.—Gerald and Rose Marie Showalter's motion for summary judgment was granted on the basis that any cause of action the Smiths might have had was barred by the builders' statute of repose, RCW 4.16.310. The Smiths appeal, contending under the facts of this case, the action is not barred. We agree and reverse.

In 1975, the Showalters began construction on their home in Kennewick, Washington. When first occupied by them in 1975, it was approximately 50 percent completed. They performed all construction work themselves, including installation of the electrical wiring. In July 1975, a permit was issued for an electrical "service only" panel, allowing limited use for a shop, or construction of the home. It is disputed whether any further electrical permits were given or inspections conducted by appropriate authorities.

In 1977, the Showalters added a utility room and a living room and, though they were not finished, began using them. The Showalters continued work on the home. On April 5, 1981, the home was sold to the Smiths and was approximately 90 percent complete. The utility room was still unfinished at the time of sale, but its electrical wiring was complete. When the Smiths purchased the home, they were not told that the Showalters were the builders. Nor were the Smiths informed the Showalters had not received final building or electrical inspections, or that the wiring was substandard.

On May 18, 1984, the home was destroyed by fire. Kenneth A. Sugden, the Smiths' expert witness, inspected the fire scene and was of the opinion the fire began in an outlet on the west wall of the utility room. His report, challenged for the first time on appeal, further states: the outlet and its circuit breaker were substandard given the size of the wiring; nonstandard workmanship was apparent; only an electrical service permit was issued; no further electrical permits for the utility room were issued; and there were

no electrical inspections of the home. A report by the Department of Labor and Industries, Electrical Inspection Section, confirms that only a "service" was approved in 1975, and that interior wiring had not been inspected or approved.

The Smiths brought suit against the Showalters, alleging negligent installation of electrical wiring, failure to meet electrical building code requirements, and lack of proper inspection for residential use caused the fire and resulting damage. The Showalters moved for summary judgment, contending suit was barred by RCW 4.16.300–.310, the builder/contractor 6–year statute of repose. Their motion was granted and this appeal ensued.

The Smiths' cause of action falls within the ambit of RCW 4.16.300–.310; it involves a claim or cause of action arising from the construction of an improvement upon real property. To determine whether the statute of repose in RCW 4.16.310 bars the Smiths' claim, a 2–step analysis is necessary. First, we must determine whether the cause of action accrued within 6 years of "substantial completion of construction, or within six years after such termination of services, whichever is later". Second, we must determine whether the Smiths filed suit thereafter within the time allowed by the applicable statute of limitation. If the cause of action does not accrue within 6 years of substantial completion of construction or termination of services, whichever is later, the statute bars commencement of the suit. *Del Guzzi Constr. Co. v. Global Northwest Ltd.*, 105 Wn.2d 878, 883, 719 P.2d 120 (1986). The question presented here is when the 6–year period began to run on the underlying claim or cause of action.

The trial court determined as a matter of law RCW 4.16-.300–.310 barred the Smiths' action. It did so based on the view that the 6 years began when the utility room was wired and occupied in 1977. The Smiths contend substantial completion or termination of construction services did not occur until 1981, and thus the time period did not begin until that latter date. We agree.

Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach,* 98 Wn.2d 434, 656 P.2d 1030 (1982). Interpretation of a statute is a matter of law. *Condit v. Lewis Refrigeration Co.,* 101 Wn.2d 106, 676 P.2d 466 (1984). In its ruling, the trial court considered affidavits of the Showalters, the Smiths, and Mr. Sugden, as well as a certified copy of a recorded statement made by the Showalters to an insurance carrier. This court considers the same evidence, and all reasonable inferences therefrom, in favor of the nonmoving party. *Wilson v. Steinbach, supra.*

■ As a preliminary matter, the Showalters argue this court should not consider the hearsay statements contained in Kenneth Sugden's affidavit and attachments thereto regarding failure to comply with electrical permit and inspection requirements. They argue CR 56(e) prevents consideration of such statements on summary judgment if the statements are not based on personal knowledge and are not admissible at trial. That is true. *State v. The (1972) Dan J. Evans Campaign Comm.,* 86 Wn.2d 503, 506, 546 P.2d 75 (1976). However, where no objection or motion to strike is made prior to entry of summary judgment, a party is deemed to waive any deficiency in the affidavit. *Lamon v. McDonnell Douglas Corp.,* 91 Wn.2d 345, 352, 588 P.2d 1346 (1979); *Greer v. Northwestern Nat'l Ins. Co.,* 36 Wn. App. 330, 338, 674 P.2d 1257 (1984). The record does not reveal an objection or motion to strike any portion of the Sugden affidavit or attachments prior to the trial court's entry of judgment. Therefore, the Showalters have waived any alleged deficiency.

■ The Smiths first argue that the Showalters continued to work on the home until 1981 and the statute allows that later date as the beginning of the 6–year period. In interpreting a statute, we must ascertain and give effect to the intent and purpose of the Legislature as expressed in the act as a whole. In doing so, we first look to the language of the statute. *Condit,* at 110. The relevant portion of RCW

4.16.310 states a claim or cause of action must accrue:

> only during the period within six years after substantial completion of construction, or during the period within six years after the *termination of the services enumerated in RCW 4.16.300, whichever is later.* The phrase "substantial completion of construction" shall mean the state of completion reached when an improvement upon real property may be used or occupied for its intended use. Any cause of action which has not accrued within six years after such substantial completion of construction, *or within six years after such termination of services, whichever is later,* shall be barred[.]

(Italics ours.)

RCW 4.16.300 mentions design, planning, surveying, architectural, constructional, or engineering services. "Each of the words used refers to some aspect of the construction or repair of the building." *Condit,* at 111. Therefore, "termination of services" would refer to all construction activities engaged in by the Showalters, and by their own admission those activities did not end until shortly before the home was sold to the Smiths in 1981. Thus, it would appear under the language in the statute, the 6 years began to run when the Showalters ended construction on the home, which was just prior to sale in 1981.

The legislative history of the statute may also be considered. *Nelson v. Samuel,* 43 Wn. App. 114, 117, 715 P.2d 161 (1986); *Daviscourt v. Peistrup,* 40 Wn. App. 433, 698 P.2d 1093 (1985). The history regarding the "whichever is later" language indicates the Legislature had in mind protection of claims such as the Smiths', where long–term construction was involved. In the original House Bill 678, the RCW 4.16.310 "whichever is later" language had read "whichever is earlier". A Senate amendment changed "earlier" to "later".

POINT OF INQUIRY

Senator Guess:

"Mr. President, would Senator Uhlman yield:

"Would you explain again, Senator Uhlman, the intent of the Senate Judiciary Committee amendment removing the word, 'earlier,' and replacing it with, 'later'?"

Senator Uhlman:

"Senator Guess, it is conceivable that the following facts would be applicable under the previous wording: You are an architect. You design a building. You then do not supervise the construction of that building. The building is the I.B.M. building in the city of Seattle which may take eight or nine years to build. You would be out of the picture. You would have rendered your services long before the six–year period which is the subject matter of this proposed legislation, and this would then cut off your liability as an architect after six years, and then even though the building went up in nine years and your errors or omissions would not be discovered until some nine years later when the building was actually built. It was felt by the Senate Judiciary Committee that we should wait until a substantial completion and tenants had moved in and had a chance to find out any errors or omissions on your part. Thus we should then have an opportunity to sue you as the architect if you had any errors or omissions through that longer period of time. We felt then as of the time of substantial completion *or as of the time the tenant moved in,* they had an opportunity to observe the building and were able to find out whether or not there were any errors or omissions on your part, from satisfactory completion of construction."

(Italics ours.) Senate Journal, 40th Legislature (1967), at 995.

The Showalters admit they continued to work on the house from 1975 until 1981.[1] It was the intent of the Legislature as expressed in the statute and as apparent from the legislative history that this latter date would mark the beginning of the 6–year period of the statute of repose in RCW 4.16.310.

The trial court felt the "improvement" was the utility room and its wiring and not the entire house. Initially, the court denied the Showalters' motion for summary judgment

---

[1] "So from 75 until we sold it we worked on it until . . . you know, and it was about 90 percent complete when we sold it." (Excerpt from Safeco Insurance Company's transcript of the Showalters' statement.)

until they presented an affidavit they had completed the utility room wiring in 1977. However, "substantial completion of construction" occurs when the *entire improvement,* not merely a component part, may be used for its intended purpose. *Glacier Springs Property Owners Ass'n v. Glacier Springs Enters.,* 41 Wn. App. 829, 832, 706 P.2d 652 (1985); *see also Patraka v. Armco Steel Co.,* 495 F. Supp. 1013 (M.D. Pa. 1980). While here the house may have been lived in by the builder, the Legislature did not intend liability to be cut off before "the tenant moved in, [and] they had an opportunity to observe the building". Senate Journal, at 995. That is the point at which third parties are exposed to any defects. If the Legislature had intended liability to be cut off 6 years after installation of the sub part of the improvement, it would not have inserted the "whichever is later" language. In addition, if we construe the term "improvement" to refer to one room of the home and its separate wiring, this would create an anomaly. As a result, the builder would be insulated from liability for defective work performed more than 6 years prior to a third person suffering harm, where that builder's services continue into the 6–year period and the allegedly defective work continued to be subject to proper inspection and correction throughout that period.

Here, the house was the entire improvement—construction services were not terminated until sometime in 1981 *and* "substantial completion of construction" did not occur until that time as well. Thus, whether "substantial completion" or "termination of services" is the date used, the Smiths' cause of action accrued within 6 years of that date. They then had an additional 3 years to file their action under the applicable statute of limitation, RCW 4.16-.080(2), triggered at accrual of the cause of action. Because they filed their action in July 1985, less than 3 years after the fire in May 1984, the action was timely. Summary judgment was therefore improperly granted.

252

Reversed.

GREEN and MUNSON, JJ., concur.