Robert Frank **GORDON** and Port Royal Development Corporation, Appellants,

v.

**WESTERN STEEL COMPANY** and Braselton Construction Company, Appellees.

No. 13–95–512–CV.

Court of Appeals of Texas, Corpus Christi.

July 24, 1997.

Rehearing Overruled Aug. 21, 1997.

Frank E. Weathered, John A. Smith, III, Dunn & Weathered, Corpus Christi, for Appellants.

William N. Woolsey, Woolsey & Schmidt, James W. Wray, Jr., Chaves, Gonzales & Hoblit, Thomas F. Nye, Linda C. Breck, Brin & Brin, Corpus Christi, for Appellees.

Before FEDERICO G. HINOJOSA, Jr., YANEZ and RODRIGUEZ, JJ.

## OPINION

YANEZ, Justice.

This is an appeal from the granting of two summary judgments based on a ten-year statute of repose. Appellees, Western Steel Company ("Western") and Braselton Construction Company ("Braselton"), were subcontractors hired by appellants, Robert Frank Gordon and Port Royal Development Corporation ("Gordon" and "Port Royal," respectively). By two points of error, appellants challenge the trial court's holding that substantial completion of a subcontractor's share of a construction project is an improvement that will trigger the statute of repose. We affirm.

Gordon and Port Royal were, at one time, developers of a condominium building project known as "Port Royal By–The–Sea" on Mustang Island in Corpus Christi, Texas. Subsequent to the completion of the entire project, the Port Royal Homeowners Association, Inc. brought suit against Gordon and Port Royal seeking damages for alleged defects in the construction of the condominiums. On October 21, 1994, Gordon and Port Royal filed third-party actions for contribution and indemnity against the various subcontractors involved in the construction, including Western and Braselton.

Western and Braselton moved for summary judgment based on the ten-year statute of repose for those who construct or repair improvements to real property. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.009 (Vernon 1986). By affidavit, Western's president,

George Gains stated that Western's subcontracting work, which involved delivering and erecting structural steel at Port Royal By-The-Sea, was substantially completed by August 24, 1984. Braselton's president, Bill Braselton, also stated by way of affidavit that substantial completion of its share of the project, which involved building concrete structures, occurred on August 31, 1984. Braselton also attached verified copies of its "applications and certificates for payment" for work performed from August 8 through 31, 1984, and September 1 through 28, 1984, respectively. Gordon and Port Royal agreed that Braselton had submitted its final bill by September 28, 1984.

The condominiums were made up of several buildings, each finished at different stages. Thomas Hardin, a lender for the Port Royal project, determined that substantial completion of the entire project occurred on June 1, 1985. Based on the statute of repose, the trial court granted both Western's and Braselton's motions for summary judgment. The trial court effectively held that a subcontractor's substantial completion of its share of a project can be an improvement to real property which triggers the statute of repose. As a result, Gordon and Port Royal were time-barred from bringing suit against Western and Braselton. Thereafter, the trial court severed appellant's claims against Western and Braselton from the remaining litigation.

Appellants' first point of error challenges the granting of summary judgment on this basis. They contend that the trial court erred in holding that a subcontractor is entitled to the protection of the statute of repose upon the substantial completion of his work, irrespective of the status of the entire construction project. Appellants maintain that the statute should only apply after the entire project is complete, and to rule otherwise contradicts the statute's intent and unnecessarily complicates an aggrieved party's ability to sue the proper parties. Before addressing the merits of appellants' point, we will set out the standard of review for a summary judgment.

## Standard of Review

The following factors guide our review of a summary judgment: (1) the pleadings and summary judgment evidence must establish that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Upon appeal of a summary judgment, the question is "whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of plaintiff's cause of action." *Muñoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex.1984). A defendant who moves for summary judgment must show that the plaintiff has no cause of action. A defendant may meet this burden by either (1) disproving at least one essential element of each theory of recovery or (2) conclusively proving all elements of an affirmative defense. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993).

## The Statute of Repose

■ The statute of repose, found in Section 16.009 of the Texas Civil Practice and Remedies Code and entitled "Persons Furnishing Construction or Repair of Improvements," states:

(a) A claimant must bring suit for damages ... against a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.

(b) This section applies to suit for ...

(4) contribution; or

(5) indemnity.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.009 (Vernon 1986). The statute of repose bars all claims after the prescribed ten-year peri-

od. *Tumminello v. U.S. Home Corp.*, 801 S.W.2d 186, 187 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (citing *Hasty v. Rust Eng'g Co.*, 726 F.2d 1068, 1069 (5th Cir. 1984)). It begins to run when the improvement is substantially completed, not when the damage or injury occurs or is discovered. *Id.* at 188 (citing *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 924 (Tex.App.—Dallas 1985, writ ref'd n.r.e.)).

■ Whether the statute protects a subcontractor in this context depends upon the construction of the statute. Matters of statutory construction are questions of law for the court to decide. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989). No Texas court has interpreted whether substantial completion of a subcontractor's share of a construction project is an improvement that will trigger the running of the statute of repose. Therefore, in the absence of controlling state law, the statute must be read consistently with its plain language, legislative history and statutory purpose. *Sonnier v. Chisholm–Ryder Co., Inc.*, 909 S.W.2d 475, 482 (Tex.1995); *see also* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1988) (in construing a statute, whether or not it is ambiguous on its face, court may consider among other matters the (1) object sought to be attained, (2) circumstances under which statute was enacted, (3) legislative history, (4) common law/former statutory provisions, including laws on same or similar subjects, (5) consequences of a particular construction, (6) administrative construction of statute, and (7) its title/preamble).

By its clear language, the statute protects subcontractors from liability after ten years, so long as they constructed or repaired an improvement to realty. *See Williams v. U.S. Natural Resources, Inc.*, 865 S.W.2d 203, 205–06 (Tex.App.—Waco 1993, no writ) (statute protects "construction-industry professionals"); *Id.* at 209–11 (Vance, J., concurring) (statute should be available only to contractors, their subcontractors, and the agents, servants, and employees of each); *Barnes v. J.W. Bateson Co., Inc.*, 755 S.W.2d 518, 521 (Tex.App.—Fort Worth 1988, no writ)(statute protects construction professionals within its purview from indefinite potential liability). Appellants do not dispute that Western and Braselton helped "construct" an "improvement," and therefore do not contest that they are within the category of persons protected by the statute. Rather, appellants dispute the court's determination that a subcontractor can be considered to have substantially completed an improvement for the purposes of the statute when the entire construction project is not completed. They contend that the improvement cannot be considered substantially complete if the larger project is not ready for its intended use, merely because the subcontractor has completed its share of the work.

■ Because this question is not answered on the face of the statute, we look next to the legislative history. In 1969, the Texas Legislature enacted a statute of repose applicable to architects and engineers. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.008 (Vernon 1986). The statute had at its origin an intent to protect those who design improvements to realty. *Sonnier*, 909 S.W.2d at 482. In 1975, the language currently in section 16.009 was added by the Texas Legislature as a compliment to the existing statute of repose, so that it would also apply to those who constructed or repaired improvements to the realty that the architects and engineers designed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.009 (Vernon 1986); *Sonnier*, 909 S.W.2d at 482.

The sponsor of H.B. 1105, later codified as section 16.009, explained that the purpose of the statute was to avoid the situation "where a contractor builds a building or a construction project and he has a potential liability on that [improvement] until the day he dies." *Petro Stopping Ctrs., Inc. v. Owens–Corning Fiberglas Corp.*, 906 S.W.2d 618, 620 (Tex. App.—El Paso 1995, no writ) (citing Hearing on Tex. H.B. 1105 on the Floor of the House, 64th Leg., R.S. ch. 269, § 2 (April 22, 1975)). Originally, section 16.009 read:

> There shall be commenced and prosecuted within ten years after the substantial completion of any improvement to real property, and not afterward, all actions or suits in court for damages ... or for contribution or indemnity for damages ... arising out of the defective or unsafe condition of any

such real property or any deficiency in the construction or repair of any improvements on such real property....

Act of May 14, 1975, 64th Leg., R.S., ch. 269, § 2, 1975 Tex. Gen. Laws 649 (codified as Tex.Rev.Civ. Stat. Ann. art. 5536a, § 2 (1975)), (amended 1985) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 16.009). Courts have held that, after reviewing the legislative proceedings, the intention of the legislature in adopting this provision was "to extend the protection afforded to architects and engineers to a new class of construction professional—contractors and repairers." *Williams*, 865 S.W.2d at 205 (quoting *Dayton Indep. Sch. Dist. v. U.S. Mineral Prod.*, 800 F.Supp. 1430, 1434 (E.D.Tex.1992)); *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644, 648–49 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

Because of the dearth of Texas case law on this issue, the parties have cited as persuasive authority cases from other jurisdictions as support for their respective interpretations of the statute. Appellants cite three cases which have interpreted the phrase "substantial completion" as meaning the completion of the entire project. *Patraka v. Armco Steel Co.*, 495 F.Supp. 1013, 1017–20 (M.D.Pa.1980); *Rosenthal v. Kurtz*, 62 Wis.2d 1, 213 N.W.2d 741, 746 (1974); *Smith v. Showalter*, 47 Wash.App. 245, 734 P.2d 928, 931 (1987). Appellees rely on cases from two states which have construed the operative date invoked by the term as the date that the subcontractors finish their individual improvements. *Industrial Risk Insurers v. Rust Eng'g Co.*, 232 Cal.App.3d 1038, 283 Cal.Rptr. 873 (1 Dist.1991, denied); *Horosz v. Alps Estates, Inc.*, 136 N.J. 124, 642 A.2d 384 (1994).

Appellants rely on *Patraka v. Armco Steel Co.*, where the court held that the statute of repose did not begin to run against a general contractor until the entire project was substantially complete, which it interpreted to mean "so far completed that it may be used for its intended purposes." *Patraka*, 495 F.Supp. at 1019. In that case, there were no subcontractors involved, and therefore it was reasonable for the court to hold that the contractor was not deemed to have substantially completed its improvements until the entire project was complete and the contractor walked away. When a single entity is responsible for the successive phases of a project, it would be unduly burdensome to segregate the completion of various successive projects by that entity, rather than focusing on when that entity finished its work towards the entire project. Similarly, in *Smith v. Showalter*, the same persons (the Showalters) completed all phases in the construction of a home. The court held that the statute of repose did not begin to run in favor of the defendants until their work on entire house was complete, rather than any particular phase. *Smith*, 734 P.2d at 931. Again, no separate subcontractor was involved. Finally, appellants rely on *Rosenthal v. Kurtz*, where the court held that the statute of repose did not begin to run against the architect who designed the building when his service had been performed; rather, the period commenced from the date the construction of the building was completed. *Rosenthal*, 213 N.W.2d at 746. However, the court in that case questioned the constitutionality of the statute of repose altogether, and held that ruling as the architects had urged would result in a finding that the statute was unconstitutional *in toto*. *Id.* Texas courts, on the other hand, have repeatedly held that our statute of repose does not violate the constitution,[1] and therefore, we will not adhere to the interpretation ascribed to by the Wisconsin court.

By contrast, appellees' cases focus on the application of the rule *when different parties*

---

1. Courts have repeatedly rejected arguments that the statute violates the federal and Texas guarantees of due process and equal protection, and the Texas open courts provision. *See e.g. Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 260 (Tex.1994) (holding statute constitutional as applied to architects and engineers); *Texas Gas Exploration Corp. v. Fluor Corp.*, 828 S.W.2d 28, 31–32 (Tex.App.—Texarkana 1991, writ granted, order withdrawn, writ denied) (noting decisions which have found the statute constitutional); *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644, 648 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Ellerbe v. Otis Elevator Co.*, 618 S.W.2d 870 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), *appeal dism'd* 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982).

*are responsible for different improvements within the context of a larger project.* Two New Jersey cases provide insight for when the period of repose should begin in such contexts. In *Welch v. Engineers, Inc.*, 202 N.J.Super. 387, 495 A.2d 160 (App.Div.1985), the court addressed the issue of when the period of repose should run in a situation where design and construction were both furnished by the same entity. The statute at issue required that the complaint be filed within ten years after the completion of the work done. *Id.* 495 A.2d at 163 (citations omitted). The court concluded that the period of repose began from the final date of construction, rather than completion of the design stage alone *where the same person furnished both. Id.* at 166. After reviewing the legislative history, the court concluded:

> ... the Legislature most likely meant that when a person rendered any construction-related services on a particular job, finished them and walked away from the jobsite with the work accepted, that person could look back ten years and one day "after the performance or furnishing of such services and construction," and know there was repose from liability. We do not think that the Legislature intended to let repose turn on serial cut-off dates accruing through various stages of the work [where the same person was involved], turning on fact-sensitive determinations and various analytic approaches to construction staging. The rule we approve here is the easiest to administer and the final date of any particular persons' furnishing services or construction is the simplest to determine.

*Id.* at 165.

Similarly, in *Hopkins v. Fox & Lazo Realtors*, 242 N.J.Super. 320, 576 A.2d 921, 923 (App.Div.1990), the issue presented was when the ten-year statute of repose began "when a party completes its own work with respect to a project or, alternatively, when the project which incorporates that person's work is itself completed." *See* N.J. Stat. Ann. § 2A:14–1.1. The court held that when

an architect's plans are used and the architect does not supervise the project, the period of repose begins after the architect's plans are accepted by the developer-contractor, rather than on completion of construction. *Hopkins*, 576 A.2d at 925–26. California applies the same rule. *See Industrial Risk Insurers*, 283 Cal.Rptr. at 874–77. California's version of the statute of repose states that the date from which the period of repose begins to run relates specifically to the performance of the construction services by each profession or trade rendering services to the improvement. *Id.* at 874 (citation to statute omitted). Although the Texas statute does not expressly provide for such calculation, we believe that the rationale applied in California and New Jersey should also apply to our interpretation of the Texas statute in the instant case.

Under the facts on this case, where different subcontractors were responsible for the construction of different parts of a larger project, the statute of repose should be applied to each of those individual subcontractors when they have completed their respective improvements. Appellants suggest that general contractors or the intended beneficiaries of the services may be penalized by the compartmentalization of the improvements and the imposition of successive periods of repose, noting that our statute applies to indemnification suits, whereas California's statute, for example, does not. This distinction does not alter our construction of the Texas statute. While we recognize the possibility that a party who constructed or repaired an improvement in a deficient manner may escape liability if not sued within ten years of that deficient performance, we do not conclude that such possibility militates in favor of an alternative construction of the statute.[2]

In most scenarios, the various improvements contained within a larger project will not stretch beyond several years, and the general contractors or beneficiaries ordinarily have opportunities to supervise or disapprove of the work along the way. Secondly,

---

2. We would note that the beneficiaries in this action were allowed to proceed with their claims against the general contractor after the claims against appellees were severed from the underlying cause.

it is not overly burdensome to decipher when respective contractors substantially complete their improvements (*e.g.* when they submit their final bills and/or walk away from the project). If a material issue arises as to whether the date they completed their work falls outside the period of repose, then summary judgment is not appropriate, and the trier of fact should resolve such issue. Finally, to the extent that appellants rely on the limitations of their rights by construing the statute as appellees urge, we only comment that the fairness of the statute of repose has already been litigated in the constitutional context. *See, e.g., Barnes,* 755 S.W.2d at 521 (referencing decisions of other courts). Such a limitation on a party's ability to sue naturally requires a balancing of interests. The legislature has spoken, however, and has announced that persons in the construction business should not be liable for an improvement more than ten years after they have completed their contracted-for work and walked away. An alternate construction would undermine the purpose of the statute. Besides the "potentially limitless liability" a subcontractor might face in such a scenario, the supreme court has noted other difficulties created by allowing suit beyond ten years of substantial completion. *See Trinity River Auth. v. URS Consultants, Inc.,* 889 S.W.2d 259, 264 (Tex.1994) (noting evidentiary difficulty of defending suit years after completion of an improvement because of faded memories, as well as increased possibilities of third-party neglect, abuse, poor maintenance, mishandling, improper modification, and/or unskilled repair).

In summary, we conclude that the trial court's granting of summary judgment in favor of Braselton and Western based on the statute of repose should be affirmed if appellees met their burden of proving that they substantially completed their improvement to the project more than ten years before they were sued. Starting the statute of repose when each subcontractor finishes its improvement conforms with the legislative intent of preventing indefinite liability for those who construct or repair improvements to real property.

■ In this case each appellee presented affidavits from their presidents asserting that they had substantially completed the work they contracted to perform, more than ten years before they were sued.[3] In addition to these assertions, each appellee presented as evidence of the completion verified receipts for payment. An affidavit of an interested party may serve as competent summary judgment proof so long as such affidavit evidence is clear, positive, direct, credible, free from contradictions, and susceptible of being readily controverted. *Gallegos v. Escalon,* 918 S.W.2d 62, 64 (Tex. App.—Corpus Christi 1996, no writ); *Major Inv., Inc. v. De Castillo,* 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); Tex.R. Civ. P. 166a. Conclusory statements in affidavits are not competent evidence to support a summary judgment. *Hidalgo v. Surety Sav. & Loan Assoc.,* 487 S.W.2d 702, 703 (Tex.1972); *Gallegos,* 918 S.W.2d at 64. Appellee's affidavits, in conjunction with the supporting documentation of completion, are sufficiently clear, positive, and direct proof of completion. Although appellants offered proof which controverted the exact date on which appellee Braselton completed its work, the date offered by appellants was also outside of the ten year period allowed by the statute of repose, and therefore, even if believed, it would not defeat Braselton's summary judgment proof.

Because appellees offered uncontroverted proof that they substantially completed their improvements more than ten years before they were sued, the trial court's granting of summary judgment in their favor must stand. Points of error one and two are overruled. The judgment of the trial court is affirmed.

---

**3.** Bill Braselton testified that his company was hired to build the concrete structure of Port Royal Resorts, including its columns, slabs, and beams. He said it was substantially completed on August 31, 1984. Western offered the deposition testimony of its president stating that it had supplied the steel for the roof structure and erected that structure in accordance with the terms of its contract. Western completed its improvement by August 24, 1984.