# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| MEGAN FELSKE, ) | No. 68509-1-I |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| PERFORMANCE JEEP-EAGLE, INC., ) | |
| a Washington corporation d/b/a ) | |
| PERFORMANCE NISSAN and ) | |
| UNIVERSAL UNDERWRITERS ) | |
| INSURANCE COMPANY, Bond No. ) | UNPUBLISHED OPINION |
| 167418, ) | |
| ) | FILED: May 6, 2013 |
| Respondent. ) | |

VERELLEN, J. — Megan Felske sued Performance Jeep-Eagle, Inc., Performance Nissan and Universal Underwriters Insurance Company (Performance), claiming fraud and violation of Washington's Consumer Protection Act (CPA), chapter 19.86 RCW. Because Felske abandoned her fraud claim and presented no genuine issue of material fact as to the CPA claim, the trial court properly dismissed her suit on summary judgment. We affirm.

## FACTS

On October 1, 2007, Felske and her boyfriend James Moehring went to Performance Jeep-Eagle in Everett, Washington, where they purchased a 2008 Nissan

Titan pickup truck for him and a 2007 Nissan Pathfinder sport utility vehicle for her.[1]

According to Felske, Performance persuaded her to co-sign the loan application for the truck because Moehring had poor credit and would not qualify for a loan on his own.

Felske signed a sales contract for the truck as the primary buyer, with Moehring as co-buyer. The two-page contract contained the language, "By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract."[2] Felske agreed to make monthly loan payments on the truck of $837.

Felske worked part-time as a waitress. She told Performance that her monthly income averaged $820, but in a good month, she could make $1,440. Performance listed Felske's monthly income as $1,440 on her credit application and she signed it. Felske and Moehring ultimately defaulted on payments on the truck loan.

In 2010, Felske filed suit against Performance, claiming fraud and violation of the CPA. In her complaint, Felske alleged that after she signed her credit application, Performance changed her monthly income, inflating it to $3,000 in order to secure a loan so she could purchase both vehicles.

Performance filed a motion for judgment on the pleadings and motion for summary judgment. As to the fraud claim, Performance argued that Felske failed to plead with the specificity required by CR 9(b). As to the CPA claim, Performance contended Felske could not raise a genuine issue of material fact that Performance had

---

[1] Felske unwound the sales contract for the Pathfinder the following day and it is not at issue in this case.

[2] Clerk's Papers at 21.

2

caused her any injury. In support of its motion, Performance attached a copy of the sales contract for the truck.

Felske filed a four-page unsworn response asserting that that a genuine issue of material fact existed because "no bank would have made the loan to her if Performance had not falsified the credit application."[3] She claimed that as a result of Performance's deception, she owed $17,798 to the bank that made the loan. Felske did not address the fraud claim in her response.

In reply, Performance moved to strike Felske's factual assertions that were unsupported by affidavit. Attached to its reply brief was an affidavit of Performance's counsel summarizing Felske's deposition testimony on the issue of the allegedly falsified documents. Performance stated that it offered this information "not because it is felt to be of value in determining the outcome of the present motion, but in order that Plaintiff's public allegations of serious wrongdoing by Defendants are properly met."[4]

The trial court granted summary judgment in favor of Performance. Felske appeals.

DISCUSSION

Felske claims that the trial court erred in granting summary judgment on the CPA claim because Performance did not address the claim in its motion but raised it for the first time in reply. Felske also assigns error to the trial court's consideration of the declaration of counsel attached to Performance's reply brief.

---

[3] Clerk's Papers at 17.
[4] Clerk's Papers at 8.

In reviewing a grant of summary judgment, we consider all facts and reasonable inferences in the light most favorable to the nonmoving party, and affirm only if, from all the evidence, reasonable persons could reach but one conclusion.[5] The moving party has the initial burden to show that there is no genuine issue as to any material fact.[6] "'If the moving party satisfies its burden, the nonmoving party must present evidence that demonstrates that material facts are in dispute.'"[7] If the nonmoving party fails to do so, then summary judgment is appropriate.[8] The moving party is responsible for raising all of the issues on which it believes it is entitled to summary judgment.[9] It is improper to allow the moving party to raise new issues in its rebuttal materials because the nonmoving party has no opportunity to respond.[10]

To prevail in a private CPA action, a plaintiff must prove "'(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation.'"[11] As to the

---

[5] Yakima Fruit & Cold Storage Co. v. Cent. Heating & Plumbing Co., 81 Wn.2d 528, 530, 503 P.2d 108 (1972).

[6] Id.

[7] Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26, 109 P.3d 805 (2005) (quoting Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990)).

[8] Id.

[9] White v. Kent Med. Ctr., Inc., P.S., 61 Wn. App. 163, 168, 810 P.2d 4 (1991).

[10] Id.

[11] Klem v. Washington Mut. Bank, __ Wn.2d __, 295 P.3d 1179, 1185 (2013) (quoting Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531(1986)).

injury element, a plaintiff must establish that "but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury."[12]

Felske's claim that Performance did not address her CPA claim in its summary judgment motion is not supported by the evidence. Performance argued that Felske did not present a genuine issue of material fact because she could not show that she had been injured by Performance's actions, a necessary element of a CPA claim. Performance contended that, even if Felske's allegations that it had falsified her credit application were founded, no injury resulted because she received the benefit she had bargained for.

Felske's claim that the trial court erred in considering Performance's reply declaration is similarly without merit. CR 56(e) states, in relevant part, "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." A party may object to an affidavit filed in support of a motion for summary judgment if it sets forth facts that would not be admissible in evidence.[13] If a party fails to object or bring a motion to strike deficiencies in affidavits or other documents in support of a motion for summary judgment, the party waives any defects.[14] Nothing in the record before us shows that Felske raised the issue before the trial court. Consequently, Felske waived any objection to the evidence provided by Performance in support of its motion, and we decline to review this issue.

---

[12] Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc., 162 Wn.2d 59, 84, 170 P.3d 10 (2007).

[13] Smith v. Showalter, 47 Wn. App. 245, 248, 734 P.2d 928 (1987).

[14] Id.

5

Felske presents no genuine issue of material fact that Performance's actions were the cause of an injury. By signing the sales contract, Felske agreed to purchase the truck on credit and make monthly payments. She offers no evidence to support her claim that she would not have received a loan in the absence of Performance allegedly falsifying her credit application. In opposing a motion for summary judgment, a party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."[15] Felske's unsupported allegations are insufficient to meet this burden. The trial court appropriately granted summary judgment.

Affirmed.

WE CONCUR:

Cox, J.

---

[15] CR 56(e).