# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

AMERICAN EXPRESS BANK, F.S.B.,    )
                                  )      No. 72301-4-I
            Respondent,           )
                                  )      DIVISION ONE
      v.                          )
                                  )
JERRY HOANG,                      )      UNPUBLISHED OPINION
                                  )
            Appellant.            )      FILED: July 20, 2015

SPEARMAN, C.J. —Appellant Jerry Hoang appeals the trial court's grant of

summary judgment on his credit card debt to respondent American Express

Bank, F.S.B. ("Amex"). He argues that the trial court erred by considering

declarations that should have been excluded and in finding that no genuine issue

of material fact precluded summary judgment. We find no error and affirm.

## FACTS

On March 4, 2013, Amex filed suit alleging that Jerry Hoang failed to pay a

debt he had accrued on his Amex issued credit card. Hoang, proceeding pro se,

answered and propounded discovery requests to Amex. Amex submitted its

responses in a timely manner. Hoang sent a letter to Amex asking for discovery

responses to be supplemented so that he could "find out the fact of who have

(sic) standing to this lawsuit and who is the legal owner of this alleged credit card

account...." Clerk's Papers (CP) at 138. Hoang filed a motion for sanctions and

motion to compel discovery without fulfilling the meet-and-confer requirements of

CR 26(i). The trial court denied Hoang's motion on June 6, 2014. Hoang moved

for reconsideration of the trial court's denial of sanctions. The trial court denied Hoang's motion. On March 7, 2014, the trial court denied Hoang's "emergency motion to dismiss" based on lack of subject matter jurisdiction. CP at 53-64; 200-201.

On May 13, 2014 Amex moved for summary judgment in the principal amount of $19,109.62, plus filing and service fees. CP 202-204. Amex waived its right to attorney fees. In support of its motion, Amex submitted a declaration from Linda Salas, assistant custodian of records for American Express Bank, FSB. Attached to the declaration were copies of Hoang's account statements from June 21, 2010 to February 16, 2013, copies of checks that Hoang submitted as payment, and a cardmember agreement in effect at the time Hoang's account was closed. Amex also submitted a declaration from counsel with exhibits in support of the motion for summary judgment.

Hoang opposed the motion and submitted the affidavit of William McCaffrey, a consultant for Housing Mortgage Consultants, Inc. On July 8, 2014, the trial court granted Amex's motion for summary judgment. Hoang filed a motion for clarification and reconsideration, which was denied. Hoang appeals.

## DISCUSSION

Proceeding pro se on appeal,[1] Hoang challenges the order granting summary judgment on a number of bases. We review an order of summary

---

[1] Hoang first asks the court to consider him much more liberally because he is unrepresented, citing federal cases that allow for reasonable opportunity to remedy defects in pleadings. As with all pro se litigants, Hoang is properly held to the same standard as an attorney. Westberg v. All-Purpose Structures, Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).

judgment de novo, engaging in the same inquiry as the trial court. Ranger Ins. Co. v. Pierce Cty., 164 Wn.2d 545, 552, 192 P.3d 886 (2008). Summary judgment is proper if the records on file with the trial court show "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." CR 56(c). As in the trial court, we construe all facts and reasonable inferences in the light most favorable to the nonmoving party. Michael v. Mosquera–Lacy, 165 Wn.2d 595, 601, 200 P.3d 695 (2009).

In reviewing summary judgment orders, we consider supporting affidavits and other admissible evidence that is based on the affiant's personal knowledge. CR 56(e); Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359, 753 P.2d 517 (1988). A party may not rely on mere allegations, denials, opinions, or conclusory statements but, rather must set forth specifics indicating material facts for trial. Id.

Hoang first objects to the trial court's consideration of the affidavit of Amex's records custodian, Linda Salas.[2] Hoang argues that the affidavit is hearsay and attempts to discredit her as a witness. We review whether a statement is inadmissible hearsay de novo. State v. Edwards, 131 Wn. App. 611, 614, 128 P.3d 631 (2006). "Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the

---

[2] Hoang also takes issue with the fact that "the only witness present at the time of the hearing on motion for summary judgment was the opposing counsel; no witness from Amex Bank was present to testify." Br. of Appellant at 21. But CR 56(c) allows the superior court to grant summary judgment without hearing testimony, based on only "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits. . . ." Only after summary judgment "should the matter proceed to trial and allow [a party] to disprove such facts by cross-examination and by the demeanor of the moving party while testifying." American Ex. Centurion Bank v. Strathman, 172 Wn. App. 667, 676, 292 P.3d 128 (2012).

truth of the matter asserted." ER 801(c). Hearsay is inadmissible unless it comes within an exception established by statute or common law. ER 802; State v. Kirkpatrick, 160 Wn.2d 873, 881,161 P.3d 990 (2007). Under the business records exception, documents containing hearsay may be admissible if the (1) are in record form; (2) are of an act, condition, or event; (3) are made in the regular course of business; (4) are made at or near the time of the act, condition or event; and (5) the court must be satisfied that the sources of information, method, and time of preparation justify admitting the evidence. RCW 5.45.020; State v. Ziegler, 114 Wn.2d 533, 538, 789 P.2d 79 (1990) (citing State v. Krick, 86 Wn.2d 112, 118-19, 542 P.2d 782 (1995).

While the appellate record contains only the last two pages of the affidavit, the included pages contain testimony that Salas has "personally reviewed American Express' records concerning defendant JERRY HOANG," and that American Express maintains computerized records of the amounts due and owing to American Express for any transactions that occur when an individual uses an American Express credit card. The computerized records reflect all debits and credits in connection with the use of an American Express credit card." CP 205. She also testified that the attached Cardmember Agreement was a "[t]rue and correct copy of the Cardmember Agreement in effect at the time of cancellation" of Hoang's account and that the attached monthly statements were also "true and correct copies of the monthly Account Statements for the defendant's Account for the period 6/21/10 to 1/22/13." CP at 205. Based on her title as "Assistant Custodian of Records" and her testimony in the record, we find

4

the trial court did not abuse its discretion in admitting the Cardmember Agreement for Hoang's account and the monthly account statements as business records. See Discover Bank v. Bridges, 154 Wn. App. 722, 726, 226 P.3d 191 (2010) (business records admissible where employees testified that they had access to defendant's account records in the course of their employment, they made their statements based on personal knowledge and review of those records, and that the attached records were true and correct copies made in the ordinary course of business). Moreover, nowhere does Hoang dispute that the cancelled checks were payments made by him on the account; he disputes only that he became indebted to Amex and that there is a past due amount of $19.0109.62.

Hoang then attempts to discredit Salas by baldly asserting that Amex "was created on December 1, 2000. Linda Salas claims to work for Amex Bank. Any statement made by Salas referring to Hoang's account would have to reflect and rely on the opening date of the account which is November 22, 1996. . . ." Br. of Appellant at 20. He cites to no evidence nor any authority for his argument that any statement about his account would have to reflect the opening date. Finally, Hoang asks the court to take judicial notice of the findings of a federal court case where Salas also testified, yet fails to provide a copy of the purported findings for the court's consideration. We decline to review Hoang's additional claims of error regarding Salas's affidavit because he has failed to provide an adequate record on appeal.

Hoang next argues that the trial court erred when it admitted the declaration of Donna Smith, counsel for Amex. According to him, Smith served as both advocate and witness, in violation of the aptly-named advocate-witness rule. He also argues that Smith "cannot authenticate any document in this case since counsel has no personal knowledge of any alleged transaction in this matter." Br. of Appellant at 6; 23. He also contends the declaration's "'Statement of Facts' are hearsay and not based on firsthand knowledge, but on review of someone else's documents." Br. of Appellant at 23. We reject each of these arguments.

The advocate-witness rule "'prohibits an attorney from appearing as both a witness and an advocate in the same litigation.'" State v. Lindsay, 10 Wn.2d 423, 437, 326 P.3d 125 (2014) (quoting United States v. Prantil, 764 F.2d 548, 552-53 (9th Cir. 1985)). RPC 3.7(a) provides:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case;
> (3) disqualification of the lawyer would work substantial hardship on the client; or
> (4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.

The Smith declaration contains testimony about facts regarding service, venue, Hoang's status as a nonmember of the armed forces, and Amex's decision to waive its right to attorneys' fees. Hoang does not contest any of the matters discussed in the declaration; the testimony therefore falls squarely within the exception provided in RPC 3.7.

Hoang cites to <u>Williams v. Dist. Court, El Pasco Cty.</u>, 700 P.2d 549, 553 (Colo. 1985), but that case is not analogous. In <u>Williams</u>, the discovery of new evidence resulted in defendant's counsel being called as a witness adverse to his own client. The trial court denied the motion to quash subpoena and the court of appeals reversed. Here, we have an affidavit setting forth facts regarding the records of service, an attestation of venue, and information regarding counsel's search into Hoang's status as a person in the military service. This is not testimony that is adverse to her client or that would implicate the rules regarding counsel serving as a witness. Furthermore, an attorney's affidavit is entitled to the same consideration as any other affidavit based on testimonial knowledge. <u>American Linen Supply Co. v. Nursing Home Building Corp.</u>, 15 Wn. App. 757, 763, 551, P.2d 1038 (1976). Legal conclusions and other surplusage in affidavits are to be disregarded but the rest of the affidavit may be properly considered. <u>Id.</u>

Hoang also argues that the court improperly considered Smith's declaration because Smith lacks personal knowledge of the underlying transaction and therefore cannot authenticate any of the attached documents. He also contends the declaration's "'Statement of Facts' are hearsay and not based on firsthand knowledge, but on review of someone else's documents." Br. of Appellant at 23. Neither argument has merit. First, the "Statement of Facts" is not part of Smith's declaration and is merely argument in support of the motion based on a brief summary of information contained in the affidavit of Linda Salas, the custodian of records for Amex. Since the statement simply summarizes admissible evidence properly before the court the trial court properly considered

it. Second, the only documents Smith's declaration attempts to authenticate are the certificate that Hoang is not an infant, incompetent or in the military and a series of cancelled checks reflecting Hoang's payments on the account. The certificate, which is required when seeking a default judgment, is irrelevant to a summary judgment proceeding. Thus, even assuming it was improperly before the court, it was immaterial to the court's decision.

Hoang next argues that there are disputed issues of fact about whether Amex is the real party in interest. He claims that his account has been securitized and that Amex has no interest or privity because it is no longer the account holder. Even viewing the facts in the light most favorable to the non-moving party, we find no error in the trial court's finding.

Hoang claims that it is undisputed fact that "American Express Bank, FSB was created on December 1, 2000 under the name American Express Personal Trust Services, F.S.B., FDIC Certificate number 35328. On January 29, 2004, American Express Personal Trust Services, F.S.B. changed its name to American Express Bank, FSB and continues to operate under the same FDIC Certificate number."[3] Br. of Appellant at 18. But, even assuming this to be true, whether Amex changed its name one or more times is immaterial to whether it owns Hoang's debt.

---

[3] Hoang argues that the McCaffrey affidavit establishes that his account had been held in an American Express Master Trust Series 1996-I Trust, and that as a result, Amex could not have any interest in the subject debt. Amex argues that the McCaffrey affidavit fails to establish that he has any expertise or personal knowledge on the alleged securitization. The record before us does not show that Amex moved to strike the affidavit when Hoang submitted it to the trial court, however, and therefore did not preserve the error for appeal. If a party fails to object or bring a motion to strike deficiencies in affidavits or other documents in support of a motion for summary judgment, the party waives any defects. Smith v. Showalter, 47 Wn. App. 245, 248, 734 P.2d 928 (1987).

Likewise, there is no merit in Hoang's argument Amex has no ownership interest because the debt has been "securitized." First, Hoang offers no evidence to dispute Salas's testimony that the debt "has not been sold or assigned by American Express, the original creator of the account." CP at 205. But even if the debt had been securitized, it would still not create a disputed material issue. Securitization "merely creates a 'separate contract, distinct from a [plaintiffs'] debt obligations' under the note and does not change the relationship of the parties in any way . . . ." In re Nordeen, 459 B.R. 468, 479 (9th Cir. BAP 2013). (Citations omitted). We agree with the trial court's conclusion that Hoang's "arguments attacking the plaintiff's standing to bring suit ... are without merit." CP at 183. Amex has established ownership of the account and associated debt through the cardmember agreement and the declaration of its records custodian. Hoang has not shown to the contrary.

Hoang makes a number of other arguments, none of which are persuasive. He claims that the trial court lacks subject matter jurisdiction over the dispute but provides no basis for his claim. In its order denying his motion to dismiss, the trial court found that Hoang's motion was "based on his argument that the plaintiff has no standing to bring this action. But in essence, Mr. Hoang attacks the strength of the plaintiff's proof. His brief focuses on his belief that the contract alleged to be at issue has not been properly proved. This is not an issue of subject matter jurisdiction." CP at 201. We find no error in the trial court's reasoning.

9

Hoang argues that discovery was not completed and that he is entitled to additional responses under Local Civil Rule 37. He argues that judgment "is premature under CR 56(f) because there remain genuine issues of material fact that can be resolved only through discovery." Br. of Appellant at 27. Hoang did not bring a motion for additional discovery under CR 56(f) and cannot raise this issue for the first time on appeal. RAP 2.5(a).

Hoang also argues that his due process rights were violated because the trial court did not enter findings of fact and conclusions of law in its order granting summary judgment. Br. of Appellant at 9. He cites to no legal authority to support his contention. To the contrary, CR 52(a)(5)(B) specifically provides that findings of fact and conclusions of law are not necessary in decisions on motions for summary judgment. The rule reads "Findings of fact and conclusions of law are not necessary: (B) ... [o]n decisions of motions under rules 12 or 56. . . ." Hoang has not shown how the rule violates his due process rights.

Finally, Hoang argues that one corporate entity cannot represent another but cites no authority for this argument. We decline to consider it and affirm the trial court's order granting summary judgment in favor of Amex.

Affirm.

WE CONCUR:

10